CIVIC SOUTHERN FACTORS CORPORATION, A CORPORATION OF THE STATE OF NORTH CAROLINA, PLAINTIFF-RESPONDENT, v. JEROME BONAT, DEFENDANT-APPELLANT AND THIRD PARTY PLAINTIFF, v. STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA *ET AL.*, THIRD PARTY DEFENDANTS, AND JOSEPH A. BONURA AND EUGENE V. FREED, THIRD PARTY DEFENDANTS.

Argued May 6, 1974—Decided July 9, 1974.

*Mr. Lawrence M. Powers,* of the New York bar, argued the cause for defendant-appellant (*Messrs. Carpenter, Bennett & Morrissey,* attorneys; *Mr. Warren Lloyd Lewis* and *Mr. Powers* of counsel and on the brief).

*Mr. Raymond J. Lamb* argued the cause for plaintiff-respondent (*Messrs. Lamb, Hutchinson, Thompson & Chappell,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. The trial court dismissed plaintiff's complaint applying the doctrine of *forum non conveniens* on condition that defendant, a resident of New Jersey, accept service of process in New York, the trial court finding that the interests of justice required that the suit be tried in New York. The Appellate Division, in an unreported opinion, reversed, not being convinced that plaintiff should be denied access to the courts of this State or that defendant has decisively demonstrated that New York is the forum where trial will best serve the ends of justice. This Court granted certification. 64 *N. J.* 319 (1973).

The factual background of the litigation and statement of issue involved have been adequately set forth in the Appellate Division opinion, as follows:

Plaintiff, a North Carolina corporation, is in the business of lending money to commercial borrowers, and acquired a series of 36 promissory notes made by defendant payable to Black Watch Farms, a partnership, who endorsed same to Black Watch Farms, Inc., who in turn endorsed same to plaintiff. The notes sued upon are the last 16 of a series of 36 promissory notes dated January 6, 1969. The basic transaction involved a $100,000 installment sale by Black Watch of a managed breeding herd of cattle. There were apparently hundreds of such herd sales ultimately designed to afford tax shelter benefits to individuals in the high income tax bracket.

Black Watch's offices were in Wappinger Falls, New York and part of the negotiations between plaintiff and Black Watch with respect to opening a line of credit for Black Watch and accepting third party notes as collateral security took place at the Black Watch offices. However, the notes in question were made at defendant's place of business, payable at defendant's bank in New Jersey. Defendant is a resident of New Jersey and was served with process at his place of business in New Jersey.

The basic issue is whether the doctrine of *forum non conveniens* was properly invoked. In this connection defendant argues that plaintiff is suing two other investors in New York, that there are numerous Black Watch cases instituted by other financing companies pending in New York, and that a federal class action involving 40 plaintiffs, including plaintiff, represented by defendant's counsel is pending in the United States District Court, Southern District of New York. However, Black Watch Farms, Inc., is in bankruptcy and plaintiff states said action has been stayed. Defendant further asserts that depositions are in progress entirely in New York, that plaintiff is not a holder in due course but rather an active participant in a New York securites fraud. Defendant further argues that the employees, officers and records of Black Watch Farms and Black Watch Farms, Inc., are in New York and would be available to process in New York.

▮ The doctrine of *forum non conveniens*, an equitable principle, is firmly embedded in the common law of this State. *Starr v. Berry,* 25 *N. J.* 573 (1958); *Vargas v. A. H. Bull Steamship Co.,* 25 *N. J.* 293 (1957), *cert.* den. 355 *U. S.* 958, 78 *S. Ct.* 545, 2 *L.* Ed. 2d 534 (1958); *Gore v. United States Steel Corp.,* 15 *N. J.* 301 (1954), *cert.* den. 348 *U. S.* 861, 75 S. Ct. 84, 99 *L. Ed.* 678 (1954). In essence, the doctrine means that a court may decline jurisdic-

tion whenever the ends of justice indicate that trial in the forum selected by the plaintiff would be inappropriate. It is frequently invoked to protect the private interests of the litigants such as availability of witnesses and the ease of access to other sources of proof. *Semanishin v. Metropolitan Life Ins. Co.,* 46 *N. J.* 531, 533 (1966).

The doctrine comes into play "where a weighing of all of the many relevant factors, of which residence is but part, decisively establishes that there is available another forum where trial will best serve the convenience of the parties and the ends of justice * * *." *Gore v. United States Steel Corp., supra,* 15 *N. J.* at 311. In *Starr v. Berry, supra,* 25 *N. J.* at 584, Chief Jutice Weintraub commented that "[t]he present tendency is to avoid a rigid formula and to weight sundry factors, private and public, which bear upon the justness of a plaintiff's choice. But emphasis continues upon the element of harassment and vexation notwithstanding reference also to the element of trial convenience."

The purpose of the doctrine is to prevent harassment of or injustice to a defendant. By the same token, it may not be used to embarrass or destroy a claimant's opportunity to be heard. Consequently, a plaintiff's choice of forum ordinarily will not be disturbed except upon a clear showing of real hardship or for some other compelling reason. The choice of forum must be demonstrably inappropriate. Whether or not the doctrine should be applied depends on the facts and circumstances of each case. Since the doctrine is equitable in nature, ordinarily the matter is left to the sound discretion of the trial judge. An appellate court should not substitute its judgment for that of the trial judge unless there is a showing of clear abuse of that discretion. *Amercoat Corp. v. Reagent Chem. & Research, Inc.,* 108 *N. J. Super.* 331, 349 (1970); 20 *Am. Jur.* 2d, *Courts,* § 175, p. 514.

Applying the foregoing principles to the acknowledged facts and circumstances of this case, we conclude that the trial court properly declined jurisdiction on the basis of

*forum non conveniens,* subject to defendant's submitting himself to the jurisdiction of the New York court.

It is not disputed that the Black Watch base of operations was in New York. Its offices and records were there. Its salesmen operated out of New York. Civic Southern Factors Corporation negotiated its acquisition of the Bonat notes from Black Watch in New York. The bankruptcy proceedings involving Black Watch are pending in the Southern District of New York.

In the case at bar, Bonat asserts that the Black Watch operation was in violation of the securities laws and that the notes executed by him payable to Black Watch are illegal and void. He also contends that the notes are usurious and that Civic Southern is not a holder in due course. These contentions make it apparent that while the only parties named in the New Jersey complaint are Civic Southern, as plaintiff, and Bonat, as defendant, resolution of the issues in the case may require a review of the transaction between Black Watch and Bonat, and an examination of the circumstances surrounding Civic Southern's acquisition of the Bonat notes.

Bonat represents that much of his proof must come from Black Watch sources which are not available to him in New Jersey except by deposition which he claims is not an adequate substitute for the live courtroom presentation needed in this type of case. He states that the former officers and employees of Black Watch will not voluntarily cooperate because of probable civil and criminal responsibility for their actions.

He has presented an outline of the contentions that he desires to make by way of defense, counterclaim and third party complaint and has summarized the proofs, both testimonial and documentary, that he needs to present in support of these contentions. From this presentation it appears that Bonat's ability to sustain his position could well be seriously impaired by requiring him to defend this suit in New Jersey rather than in New York. Difficulty of access

to proof and availability of compulsory process for attendance of unwilling witnesses are important considerations.

At the hearing on the motion to dismiss it was shown that there are pending in the New York courts more than 100 suits brought by commercial holders of Black Watch notes against Black Watch investors. Civic Southern is the plaintiff in some of these cases. Bonat had offered to have the issue of his liability on the Black Watch notes held by Civic Southern tried in New York by joining it in one of Civic Southern's pending suits against another Black Watch investor. This offer was refused by Civic Southern.

Prior to the commencement of the suit in New Jersey, Bonat and other Black Watch investors had filed a class action in the United States District Court for the Southern District of New York. That action, which joined Civic Southern as a defendant since it is a holder of Black Watch notes, seeks to invalidate the notes and enjoin enforcement thereof. Civic Southern did not counterclaim against Bonat in that action. Instead, it filed a separate suit on the notes in New Jersey. While not harrassment, as such, Civic Southern created a situation where Bonat found himself in the vexing position of now being required to litigate the same basic issue in two separate forums.

Plaintiff states that New Jersey is the only forum available to it since Bonat resides here. However, this is not entirely accurate since, as noted above, plaintiff could sue Bonat by way of counterclaim in the pending federal action in New York. Moreover, residence is not dispositive in this type of litigation. In *Vargas v. A. H. Bull Steamship Co.*, *supra,* a dismissal on the basis of *forum non conveniens* was sustained where the New Jersey resident defendants consented to be sued in Puerto Rico, the place of plaintiff's residence.

The situation is not one of mere convenience to Bonat. There is an element of vexatiousness present. Beyond that, it appears that Bonat's ability to establish the defenses he asserts could well be materially affected by situs of the trial.

Civic Southern does not claim that it will be inconvenienced or that the relief available in New York would be less complete than in New Jersey. In short, the ends of justice plainly indicate that trial in the forum selected by plaintiff would be inappropriate.

The judgment of the Appellate Division is reversed and the judgment of the trial court hereby reinstated.

*For reversal and reinstatement*—Chief Justice HUGHES and Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—6.

*Opposed*—None.