RICHARD J. D'AGOSTINO, PLAINTIFF–RESPONDENT, v. JOHNSON & JOHNSON, INC., ROBERT N. WILSON, AND RONALD G. GELBMAN, DEFENDANTS–APPELLANTS.

Argued February 28, 1989—Decided June 28, 1989.

492

*Douglas S. Eakeley* argued the cause for appellants (*Riker, Danzig, Scherer, Hyland & Perretti,* attorneys; *Nicholas DeB. Katzenbach* and *Laura J. Berkowitz,* on the briefs).

*Douglas V. Rigler,* a member of the District of Columbia bar, argued the cause for respondent (*Lasser, Hochman, Marcus, Guryan and Kuskin,* attorneys; *Barry Eisenberg,* on the briefs).

PER CURIAM.

We affirm the judgment of the Appellate Division substantially for the reasons set forth in Judge Baime's thoughtful and comprehensive opinion below. 225 *N.J.Super.* 250 (1988).

We concur with the Appellate Division's summary of the general principles that guide application of the doctrine of *forum non conveniens:*

> As we have pointed out, the present tendency is to avoid a rigid formula and to weigh sundry factors, both private and public, which bear upon the justness of a plaintiff's choice. Nevertheless, "emphasis continues upon the element of harassment and vexation notwithstanding reference also to the element of trial convenience." [*Starr v. Berry,* 25 *N.J.* 573, 584 (1959)]. There, thus, has emerged over the years the principle that plaintiff's choice may not be defeated upon a mere balance of conveniences. [*Id.*] Consequently, "a plaintiff's choice of forum ordinarily will not be disturbed except upon a clear showing of real hardship or for some other compelling reason." [*Civic Southern Factors v. Bonat,* 65 *N.J.* 329, 333 (1974)]. Dismissal of a complaint is unwarranted unless the plaintiff's choice is shown to be "demonstrably inappropriate." [*Id.*] [225 *N.J.Super.* at 262.]

■ We are also fully in accord with the Appellate Division's conclusion that a weighing of the private-interest factors described in *Gulf Oil Corp. v. Gilbert,* 330 *U.S.* 501, 508, 67 *S.Ct.* 839, 843, 91 *L.Ed.* 1055, 1062 (1947), did not warrant dismissal of plaintiff's action. As the Appellate Division observed, "several of the factors favor prosecution of the litigation in New Jersey and * * * others are neutral." 225 *N.J.Super.* at 264.[1]

■ We comment briefly on the Appellate Division's discussion, *id.* at 265–66, of the public-interest factors identified in *Gulf Oil Corp. v. Gilbert, supra,* 330 *U.S.* at 508–09, 67 *S.Ct.* at 843, 91 *L.Ed.* at 1062–63, in order to underscore the limited relevance of New Jersey's substantive law as a factor control-

---

[1] In reaching this conclusion concerning the private-interest factors, the Appellate Division observed that the record before the trial court was "sparse," 225 *N.J.Super.* at 263, having previously *noted that* "discovery proceedings had not yet commenced when the order dismissing the complaint was entered." *Id.* at 253. It is apparent that a trial court's disposition of a *forum non conveniens* motion would be enhanced in such cases if decision were reserved until discovery has proceeded sufficiently to enable the court to make a better-informed assessment of the private- and public-interest factors. We are not invited on this appeal to consider whether a *forum non conveniens* motion brought at a later stage in this case, based on a more complete record, could be entertained by the court.

ling the disposition of the *forum non conveniens* question. We note that both the Appellate Division, 225 *N.J.Super.* at 265–66, and the Law Division referred to our underlying substantive law in support of their conflicting conclusions on the *forum non conveniens* motion.

In *Gulf Oil, supra,* the Supreme Court identified some of the factors that are pertinent to the resolution of *forum non conveniens* questions, classifying them generally as private-interest and public-interest factors. The Court offered examples of the so-called public-interest factors: the undue concentration of litigation in congested venues; the burden of jury duty on a community with no relation to the litigation; the desirability of trying cases in courts readily accessible to citizens who might be interested in the proceedings; and the desirability of litigating a case in the jurisdiction whose law will govern the outcome. 330 *U.S.* at 508–09, 67 *S.Ct.* at 843, 91 *L.Ed.* at 1062–63. We note that the focus of these public-interest factors is on the existence of a factual nexus between the issues in the litigation and the forum selected by the plaintiff. Ordinarily, the type of factual nexus that would induce a court to retain jurisdiction would be manifested by a significant relationship between the issues in the case and the jurisdiction whose court was designated as the place for trial. There is no suggestion that the nexus must be such that the substantive law of the forum state supports the relief sought by the plaintiff.

Thus, *Piper Aircraft Co. v. Reyno,* 454 *U.S.* 235, 102 *S.Ct.* 252, 70 *L.Ed.*2d 419 (1981), involved the propriety of the district court's dismissal, on *forum non conveniens* grounds, of a wrongful death action brought by the administratrix of the estates of several Scottish citizens, killed in an air crash in Scotland, against the American manufacturers of the plane and its propellers. The Court of Appeals reversed the dismissal, concluding in part that dismissal of an action on *forum non conveniens* grounds is never appropriate where the law of the alternative forum—in that case Scotland—was less favorable to plaintiff. 630 *F.*2d 149, 163–64 (3d Cir.1980). The Supreme

Court reversed, emphasizing that differences in substantive law should be accorded little significance in the resolution of *forum non conveniens* questions:

> The Court of Appeals erred in holding that plaintiffs may defeat a motion to dismiss on the ground of forum non conveniens merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum. The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry.

> \* \* \* \* \* \* \* \*

> In fact, if conclusive or substantial weight were given to the possibility of a change in law, the forum non conveniens doctrine would become virtually useless. Jurisdiction and venue requirements are often easily satisfied. As a result, many plaintiffs are able to choose from among several forums. Ordinarily, these plaintiffs will select that forum whose choice-of-law rules are most advantageous. Thus, if the possibility of an unfavorable change in substantive law is given substantial weight in the forum non conveniens inquiry, dismissal would rarely be proper.

> \* \* \* \* \* \* \* \*

> The Court of Appeals' approach is not only inconsistent with the purpose of the forum non conveniens doctrine, but also poses substantial practical problems. If the possibility of a change in law were given substantial weight, deciding motions to dismiss on the ground of forum non conveniens would become quite difficult. Choice-of-law analysis would become extremely important, and the courts would frequently be required to interpret the law of foreign jurisdictions. First, the trial court would have to determine what law would apply if the case were tried in the chosen forum, and what law would apply if the case were tried in the alternative forum. It would then have to compare the rights, remedies, and procedures available under the law that would be applied in each forum. Dismissal would be appropriate only if the court concluded that the law applied by the alternative forum is as favorable to the plaintiff as that of the chosen forum. The doctrine of forum non conveniens, however, is designed in part to help courts avoid conducting complex exercises in comparative law. As we stated in Gilbert, the public interest factors point towards dismissal where the court would be required to "untangle problems in conflict of laws, and in law foreign to itself." [454 *U.S.* at 247–251, 102 *S.Ct.* at 261–63, 70 *L.Ed.*2d at 430–33.]

Accordingly, it would be inappropriate for the *forum non conveniens* issue in this case to be resolved on the basis that New Jersey substantive law is supportive of plaintiff's claims for relief. Moreover, it is quite clear from this abbreviated record that the lower courts could not have undertaken a

significant choice-of-law analysis to guide their disposition of the *forum non conveniens* issue. In tort cases we apply a governmental-interest analysis in determining choice-of-law questions, *see, e.g., Veazey v. Doremus,* 103 *N.J.* 244, 247 (1986), which selects as the determinative law that jurisdiction with the greatest interest in the resolution of the underlying controversy. In the absence of any discovery, there were insufficient facts available for any court to determine the extent to which Swiss law or New Jersey law would apply to aspects of this case.

■ Plaintiff alleges that Johnson & Johnson, Inc. committed tortious conduct at its international headquarters in New Jersey that wrongfully interfered with plaintiff's employment rights. In our view these allegations provide a sufficient factual nexus with this State to warrant consideration in weighing the public-interest factors relevant to a resolution of the *forum non conveniens* question. We read the Appellate Division's reference to the Conscientious Employee Protection Act, *N.J.S.A.* 34:19–1 to 34:19–8, and *Pierce v. Ortho Pharmaceutical Corp.,* 84 *N.J.* 58 (1980), to be illustrative of the scope of the potential connection between plaintiff's allegations and this jurisdiction. We do not view those references as an attempt to resolve the underlying choice-of-law issues or as a determination that hospitable substantive-law principles in the forum state constitute a persuasive ground for refusing dismissal on *forum non conveniens* grounds.

Affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, and STEIN and Judges COLEMAN and DEIGHAN—7.

*For reversal*—none.