841 A.2d 489

ANA MADAN–RUSSO AND VINCENT RUSSO, PLAINTIFFS–APPELLANTS, v. GRUPO POSADA, S.A. DE C.V., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 3, 2003—Decided February 9, 2004.

Before Judges WEFING, COLLESTER and FUENTES.

*Ginarte, O'Dwyer, Winograd & Laracuente,* attorneys for appellant Ana Madan–Russo (*Brian E. Mahoney,* of counsel and on the brief).

*Hartstein & Hartstein,* attorneys for appellant Vincent Russo rely on the brief of appellant Ana Madan–Russo.

*Wilson, Elser, Moskowitz, Edelman & Dicker,* attorneys for respondent (*Brian W. McAlindin,* of counsel and on the brief).

The opinion of the court was delivered by

COLLESTER, J.A.D.

Plaintiff Ana Madan–Russo appeals from that portion of an order of the Law Division on December 9, 2002, dismissing her complaint with prejudice based on the doctrine of *forum non-conveniens.* We reverse and remand for trial.

Plaintiff, a resident of New Jersey, was the owner/operator of six McDonald's restaurants in New Jersey. She attended a conference of some 250 McDonald's executives and operators from throughout the United States at the Fiesta American Cancun Hotel in Cancun, Mexico between July 2 and July 6, 1999. The conference, called the Second Latin–American Marketing Symposium, was organized by the McDonald's Hispanic Operators Association, which was based in California. The attendees paid for their hotel accommodations through a department within the McDonald's corporate headquarters in Oakbrook, Illinois.

The Fiesta American Cancun is described in its advertisements as a luxury beachfront hotel of 281 rooms with all resort amenities. It is owned and operated by the defendant Grupo Posadas, S.A. de C.V., which is incorporated and maintains its principal office in the Republic of Mexico. It has no business premises in New Jersey and is not registered as a foreign corporation. Nonetheless, it advertises extensively by use of travel magazines, major airline vacation packages, direct solicitations to travel agencies and eight Internet interactive web sites.[1]

Plaintiff avers that at 5:00 p.m. on July 4, 1999, she went for a scheduled massage at the hotel's spa facility. The masseuse was

---

[1] In the instant case the motion judge found that the contacts between defendant and this State were sufficient to subject it to personal jurisdiction. Defendant did not cross-appeal on this determination.

later identified as Lowell Lazaro Duval, an employee of the hotel. According to plaintiff, she was sexually assaulted during the massage. She explained that when she turned over on her back, Duval pinned her arms back and climbed on the table to get on top of her. When plaintiff resisted, Duval slammed her head on the massage table, jabbed a washcloth in her mouth and began groping her. The assault stopped when a person plaintiff believed to be a janitor came into the room. Plaintiff was then able to spit out the washcloth and scream.

Plaintiff went immediately to the front desk to report the assault. After another employee took Polaroid pictures of her jaw and arm, plaintiff was told to wait in her room for a call from the hotel general manager. She went to her room and called a friend attending the same conference, who spent the evening with her. At 9:46 p.m. the general manager called, and plaintiff told him that she wanted to leave as soon as possible. She was given extra security that night and arrangements were made for her departure the following morning on an 11:30 a.m. flight to Newark.

Plaintiff neither sought nor received medical attention at the hotel. She did not file a criminal complaint against Duval or ask to meet with Mexican law enforcement authorities. After she returned to New Jersey, she received medical treatment including psychological counseling. On October 13, 1999, she delivered a letter of complaint regarding the incident to the Mexican consulate in New York City. Meanwhile, the hotel conducted an investigation by interviewing Duval and other employees. Duval's employment was terminated, and his whereabouts are unknown. He was never arrested or charged with any criminal offense relating to the alleged incident.

On May 31, 2001, plaintiff filed her complaint alleging negligent supervision and management by defendant as well as negligent hiring and training of employees.[2] Defendant filed an answer and

---

[2] The complaint asserted a *per quod* claim on behalf of Vincent Russo. Subsequently, plaintiff and Mr. Russo were divorced. Mr. Russo has appeared

moved to dismiss for lack of personal jurisdiction and on grounds of *forum non conveniens*. The motion was initially denied without prejudice to enable further discovery relating to the jurisdiction issue. Upon its renewal, the motion judge held that there were sufficient contacts for exercise of personal jurisdiction but dismissed the complaint based on *forum non conveniens*. In a subsequent oral opinion, the motion judge gave the following reasons for dismissal:

> In this case there is no question that the hotel, its current and past operators, all of its documents, and employees who would potentially be witnesses in this case are located in Mexico. Defendant would suffer a burden in the expense and inconvenience of transporting its representatives and fact witnesses to New Jersey. Some evidence is located here in New Jersey, as plaintiff received some medical treatment . . and this is where the plaintiff resides. As to the pursuit of a remedy in a foreign forum [it] will equally burden the plaintiff and defendant. And understanding that New Jersey has a great interest in protecting its own citizens, however, that burden is not as great as Mexico's interest is in regulating its hotel, tourist industry, and protecting the population in general.

> I find that there is a—a much greater burden on the defendant to pursue this— to defend this litigation in . . the United States. And because … I consider the relative ease of the access of [the] proof, most of all the proof is down there in Mexico. The availability of compulsory process for the attendance of unwilling witnesses. Apparently the fellow who actually did this is down there, and it's going to [be] difficult locating him I gather from the papers, but I think it's more appropriate that the Mexican authorities make those efforts or assist in those efforts if necessary to locate and secure the attendance of that witness, and—and potentially other party (sic) to this litigation. Certainly the necessity of viewing the premises, and—and other practical problems in the case, make it clear that— that the proper forum for this would be in Mexico.

American citizenship does not justify a special rule for a decision as to *forum non conveniens* when the incident precipitating the action occurred in a foreign country. *Alcoa S.S. Co., Inc. v. M/V Nordic Regent,* 654 *F*.2d 147, 152 (2d Cir.1980). In such instances there is no absolute right of an American citizen to bring suit in an American court. *See, Piper Aircraft Co. v. Reyno,* 454 *U.S.* 235, 241, 102 *S.Ct.* 252, 258, 70 *L. Ed.*2d 419, 426 (1981). Nonetheless, plaintiff's choice of a forum should rarely be dis-

---

to pursue his claim independently. For purposes of simplification, we designate Ms. Russo as "plaintiff."

turbed, and there is a strong presumption of retaining jurisdiction when the plaintiff has chosen his or her home forum. *Piper Aircraft Co., supra*, 454 *U.S.* at 255, 102 *S.Ct.* at 265–66, 70 *L. Ed.2d* at 435; *Gulf Oil Corp. v. Gilbert*, 330 *U.S.* 501, 508–09, 67 *S.Ct.* 839, 843, 91 *L.Ed.* 1055, 1062–63 (1947); *Kurzke v. Nissan Motor Corp. in U.S.A.*, 164 *N.J.* 159, 165, 752 *A.2d* 708 (2000); *Civic Southern Factors Corp. v. Bonat*, 65 *N.J.* 329, 332, 322 *A.2d* 436 (1974); *Gore v. U.S. Steel Corp.*, 15 *N.J.* 301, 305–06, 104 *A.2d* 670, *cert. denied*, 348 *U.S.* 861, 75 *S.Ct.* 84, 99 *L.Ed.* 678 (1954); *D'Agostino v. Johnson & Johnson, Inc.*, 225 *N.J.Super.* 250, 259, 542 *A.2d* 44 (App.Div.1988), *aff'd*, 115 *N.J.* 491, 559 *A.2d* 420 (1989). The rationale for the great deference given to a plaintiff's choice of forum was well-stated by Justice Jackson in *Koster v. American Lumbermens Mut. Cas. Co.*, 330 *U.S.* 518, 524, 67 *S.Ct.* 828, 831–32, 91 *L.Ed.2d* 1067 (1947),

> Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or non-existent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.

*Koster* was a companion case to *Gulf Oil*, which listed certain public and private-interest factors for consideration on the question of *forum non conveniens*. As summarized in *D'Agostino, supra*, 225 *N.J.Super.* at 250, 542 *A.2d* 44, the public-interest factors are:

> (1) the administrative difficulties which follow from having litigation pileup in the congested centers rather than being handled in its origin, (2) the imposition of jury duty on members of a community having no relation to the litigation, (3) the local interest in the subject matter such that affected members of the community may wish to view the trial, and (4) the local interest in having localized controversies decided at home.
>
> [*D'Agostino, supra*, 225 *N.J.Super.* at 263, 542 *A.2d* 44 (quoting *Gulf Oil, supra*, 330 *U.S.* at 508–09, 67 *S.Ct.* at 843, 91 *L.Ed.* at 1062–63).]

The private-interest factors are:

(1) the relative ease of access to sources of proof, (2) the availability of compulsory process for attending of unwilling witnesses and the costs of obtaining the attendance of willing witnesses, (3) whether a view of the premises is appropriate to the action, and (4) other practical problems that make trial of an issue easy, expeditious and inexpensive, including the enforceability of the ultimate judgment.

[*Ibid.* (Quotation marks omitted.) (Quoting *Gulf Oil, supra,* 330 *U.S.* at 508–09, 67 *S.Ct.* at 843, 91 *L.Ed.* at 1062–63.)]

The *Gulf Oil* factors are not exhaustive of the issue but constitute an analytical framework. The determination as to the proper forum is not to be derived by a simple balancing test of conveniences. *D'Agostino, supra,* 225 *N.J.Super.* at 262, 542 *A.*2d 44. A defendant must still bear the burden of establishing that the plaintiff's choice of forum is "demonstrably inappropriate" and designed to subject defendant to "harassment and vexation." *Koster, supra,* 330 *U.S.* at 524, 67 *S.Ct.* at 831, 91 *L.Ed.* at 1074; *D'Agostino, supra,* 225 *N.J.Super.* at 263, 542 *A.*2d 44; *Civic Southern Factors, supra,* 65 *N.J.* at 333, 322 *A.*2d 436; *Starr v. Berry,* 25 *N.J.* 573, 584, 138 *A.*2d 44 (1958); *Makopoulos v. Walt Disney World, Inc.,* 221 *N.J.Super.* 513, 518, 535 *A.*2d 26 (App. Div.1987); *Radigan v. Innisbrook Resort and Golf Club,* 150 *N.J.Super.* 427, 430–31, 375 *A.*2d 1229 (App.Div.1977).

The motion judge stated the *Gulf Oil* public-interest factors led him to conclude Mexico rather than New Jersey was the proper forum for plaintiff's lawsuit, stating that, "understanding that New Jersey has a great interest in protecting its own citizens, ... that burden is not as great Mexico's interest in regulating its hotel, tourist industry, and protecting the population in general." We disagree. Assuming the veracity of plaintiff's statements, she was subjected to a violent and demeaning sexual assault by a hotel employee while she was a guest at defendant's hotel and suffered physical injuries and psychological trauma as a result. New Jersey has an obvious, compelling concern for the protection of its citizens and to provide a forum for redress of such wrongful conduct. This is not an instance where a company or individual conducting business in a foreign country could anticipate the possibility of litigation in a foreign court, *see, Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.,* 918 *F.*2d 1446, 1449–50 (9th

Cir.1990). Plaintiff is an ordinary citizen who seeks to prosecute a serious tort action in her home forum. Her interest in doing so is at least equal to—and in our view exceeds—the interest of the Republic of Mexico in protecting its tourist industry. *See, D'Agostino, supra,* 225 *N.J.Super.* at 262, 542 *A.*2d 44. *See also, Wilson v. Humphreys Cayman Ltd.,* 916 *F.*2d 1239 (7th Cir.1990).

Federal appellate decisions support our analysis of the *Gulf Oil* public factors. In *Lehman v. Humphrey Cayman, Ltd.,* 713 *F.*2d 339 (8th Cir.1983), *cert. denied,* 464 *U.S.* 1042, 104 *S.Ct.* 708, 79 *L. Ed.*2d 172 (1984), the Eighth Circuit Court of Appeals reversed the dismissal of a wrongful death action when plaintiff's decedent was presumed drowned after renting a sailboat at a Cayman Islands resort hotel. The Court stated:

> [W]e find the District Court failed to weigh the fact that Iowa and the United States have an equally strong local interest in the dispute. Robert Lehman was a resident of Iowa, the defendants engaged in a systematic advertising effort to generate business in Iowa, the representations regarding the hotel and the facilities were directed at Robert Lehman and his son in Iowa, and hotel reservations were made through a travel agency in Iowa. We find that when the defendants have conducted business in Iowa to this extent, and when an Iowa resident is killed or injured during the course of business with the defendants, the State of Iowa and the United States have an interest in seeing that plaintiff is provided a convenient local forum, especially when the only alternative forum available to plaintiff is outside the United States.

> [713 *F.*2d at 344.]

*See also, Guidi v. Inter–Continental Hotels Corp.,* 203 *F.*3d 180, *amended* 224 *F.*3d 142 (2d Cir.2000) (reversal by the Court of Appeals of a District Court dismissal for *forum non conveniens* in a personal injury and wrongful death action arising from a terrorist attack in an Egyptian hotel on grounds that sufficient weight was not given to plaintiff's choice of forum).

■ Similarly, analysis of the private-interest factors listed in *Gulf Oil* does not militate in favor of the dismissal of plaintiff's complaint. Defendant argues that since its witnesses are Mexican residents, it would be unduly burdensome to transport them to New Jersey for trial. However, those witnesses are defendant's employees, and defendant does not dispute its ability to produce

them at a trial in New Jersey. Even assuming it cannot transport these witnesses to New Jersey, our Court Rules permit the use of deposition and videotaped testimony at trial. *See, R.* 4:11–4, 11–5 and 12–3.

The same argument made by defendant was rejected in *Lehman* for the following reasons:

In making this evaluation the District Court did not address the fact that many of the witnesses worked for the Holiday Inn and compulsory process probably would not be necessary to produce its own employees for an appearance at trial. Furthermore, the geographical location of the witnesses should not be dispositive. The time and expense of obtaining the presence or the testimony of a foreign witness in a local forum are significantly lessened by modes of communication and travel that are commonplace today. Use of admissions can also eliminate the need for much of the testimony. Furthermore, the District Court did not consider the possibility of taking foreign witnesses' testimony in the Cayman Islands, or wherever else they may be located.

[713 *F.*2d at 342–43.]

■ We are also unimpressed by the defendant's argument that the proper forum for plaintiff's suit is Mexico because Mexican authorities are in a better position to secure Duval's attendance at a trial. No factual basis is given for this conclusion. The record indicates that Duval was interviewed and terminated by defendant and that his whereabouts are unknown. Since no charges were filed against him, we question how Mexican authorities would assist in finding him and producing him at a trial in Mexico.

The record indicates that the defense witnesses consist of managers of the hotel to whom plaintiff complained and perhaps the unnamed janitor who interrupted the sexual assault. On the other hand, plaintiff would certainly testify and could well call other persons who attended the conference at the hotel in addition to her psychologist and, perhaps, her former husband. Clearly, the conduct of this litigation would generate practical witness problems whether tried in New Jersey or Mexico. We find no basis to conclude that defendant would suffer a greater burden in transporting its witnesses to New Jersey than that endured by plaintiff for her and her witnesses to travel to Mexico. *See, Nowak v. Tak How Investments, Ltd.,* 94 *F.*3d 708 (1st Cir.1996),

*cert. denied*, 520 *U.S.* 1155, 117 *S.Ct.* 1333, 137 *L.Ed.*2d 493 (1997) (finding that defendant's arguments of cost of transporting witnesses did not constitute the type of "oppressiveness and vexation" disproportionate to the plaintiff's convenience in suing in Massachusetts rather than Hong Kong for wrongful death of his wife in a hotel pool).

■ We further find that the ability of a jury to view the premises where the alleged assault took place is of no significance. Jury viewing of a scene is the exception, not the rule, in cases of this nature. *See, Adamson v. Chiovaro*, 308 *N.J.Super.* 70, 705 *A.*2d 402 (App.Div.1998) (discouraging unsupervised jury view of scene); *N.J.S.A.* 2B:23–16. Defendant gives no reason why the usual procedure of producing photographs, videotape or diagrams would be inadequate.

We also find no substance to the argument that the potential application of Mexican law should weigh in favor of dismissing plaintiff's complaint in New Jersey. The case is an uncomplicated tort action. We firmly believe that the trial judges of this State are perfectly capable of determining any choice of law issues presented and applying foreign law if required. *See, Lehman, supra*, 713 *F.*2d at 345.

After review of the public and private-interest factors set forth in *Gulf Oil*, we find that defendant has not met its burden of a clear showing that a trial in New Jersey constitutes such oppressiveness and vexation to a defendant as to be out of proportion to plaintiff's convenience or that a trial in New Jersey is otherwise so inappropriate as to outweigh plaintiff's convenience in selecting her home forum for her suit. *Koster, supra*, 330 *U.S.* at 524, 67 *S.Ct.* at 831, 91 *L.Ed.* at 1074. We find no justifiable reason for denying the plaintiff her choice of this State's forum. The motion judge erroneously exercised discretion by failing to give proper deference to plaintiff's selection of her home forum.

Accordingly, the order of the Law Division dismissing plaintiff's complaint is reversed.