894 A.2d 94 (2006)
384 N.J. Super. 172
CAMDEN IRON & METAL, INC. and SPC Corporation, Inc., Plaintiffs-Respondents,
v.
KLEHR, HARRISON, HARVEY, BRANZBERG & ELLERS, LLP and Ronald J. Patterson, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 2006.
Decided March 27, 2006.
*96 John L. Slimm, Cherry Hill, argued the cause for appellants (Marshall, Dennehey, Warner Coleman & Goggin, attorneys; Mr. Slimm, on the brief).
Bruce S. Marks argued the cause for respondents (Marks & Sokolov, attorneys; Mr. Marks and Thomas C. Sullivan, Philadelphia, PA, on the brief).
Before Judges COBURN, LISA and S.L. REISNER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Plaintiffs, Camden Iron & Metal, Inc. and SPC Corporation, Inc., filed suit in New Jersey to enjoin defendants, the law firm of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and one of its attorneys, Ronald J. Patterson, from representing a Pennsylvania client, Packer Park Civic Association, Inc., in a proceeding in Pennsylvania before the Pennsylvania Department of Environmental Protection (PADEP). The Law Division denied defendants' motion to dismiss the complaint and issued an injunction prohibiting defendants from representing the Civic Association in the Pennsylvania matter. We granted defendants' motion for leave to appeal and stayed the trial court's order. We now reverse.

I
Assuming the allegations in plaintiffs' complaint to be true, these facts were before the trial court. Camden Iron is incorporated in New Jersey. Its subsidiary, SPC, is incorporated in Pennsylvania. From approximately 1993 to 1996, Ronald Patterson, then an associate with the New Jersey firm of Archer & Greiner, provided legal advice and representation to Camden Iron and SPC on environmental matters, including matters before the PADEP. Patterson lives in Philadelphia and is admitted to practice law in both New Jersey and Pennsylvania. In 1999, he left Archer & Greiner and became an associate in the Philadelphia office of Klehr, Harrison, a firm with offices in New Jersey and Pennsylvania. In 2005, Klehr, Harrison began representing the Civic Association, a Pennsylvania citizens' group, in PADEP hearings on two permit applications by SPC to *97 process scrap tires and household scrap metal at its recycling facility in the Packer Park neighborhood of Philadelphia. Patterson lived in that neighborhood and belonged to the Civic Association.
Plaintiffs' complaint alleged that Patterson participated in representing the Civic Association in his capacity as an attorney with Klehr, Harrison. Plaintiffs contended "[u]pon information and belief" that Patterson may have disclosed confidential information that he obtained during the course of his earlier representation of Camden Iron and SPC, and that even if he did not do so, the representation violated both the New Jersey and Pennsylvania Rules of Professional Conduct. In essence, plaintiffs' complaint sought to disqualify Patterson and his law firm from representing the Civic Association in the PADEP hearings. But the complaint did not name the Civic Association as a party, and plaintiffs concede that New Jersey courts do not have in personam jurisdiction over the Association.
Defendants filed a motion to dismiss the complaint, asserting lack of subject matter jurisdiction and forum non conveniens and contending that the complaint should have been filed in Pennsylvania. Plaintiffs cross-moved for an injunction prohibiting defendants from representing or providing legal advice to the Association and from disclosing any of plaintiffs' confidential information. In opposition to the cross-motion, Patterson submitted a certification denying that he had actually represented the Association, admitting that he had had some general discussions with his partners concerning his own "plain view" observations of blue smoke emanating from the SPC facility, and asserting that as soon as plaintiffs made them aware of their concerns the firm had screened him from any participation in the PADEP matter.
Following oral argument on both motions, the Law Division judge issued an oral opinion denying the motion to dismiss and granting the injunction. He concluded that the New Jersey courts had in personam jurisdiction over defendants because the claim was based on an attorney-client relationship between plaintiff and defendants in New Jersey and defendants had sufficient minimum contacts with New Jersey. He also rejected defendants' forum non conveniens argument, because of the "close proximity of Camden and Pennsylvania and the defendant's contacts with New Jersey." He concluded that Patterson's successive representation of plaintiffs and then the Association would violate RPC 1.10 and RPC 1.9 because the Association's interests were "materially adverse" to those of plaintiffs and "the current representation involved a matter substantially related to the former representation." He therefore concluded that this situation "warrants ... disqualification" of Patterson and Klehr, Harrison from representing the Association. He also accepted plaintiffs' contention that "an injunction is necessary to prevent potential [breach] of client confidentiality."

II
We conclude that the trial court erred in denying the motion to dismiss for several reasons. First, plaintiffs' complaint is based on their assertion that defendants are violating the New Jersey and Pennsylvania RPCs. But the courts of this State do not have subject matter jurisdiction to enforce the Rules of Professional Conduct of another State. See Goodwin Motor Corp. v. Mercedes-Benz of N. Am., Inc., 172 N.J.Super. 263, 274, 411 A.2d 1144 (App.Div.1980). The Supreme Court of New Jersey and the Supreme Court of Pennsylvania have exclusive jurisdiction to control the practice of law in their respective states. See In re LiVolsi, 85 N.J. 576, *98 583, 428 A.2d 1268 (1981); Commonwealth v. Stern, 549 Pa. 505, 701 A.2d 568, 570-71 (1997). And in this case, the legal activity to which plaintiffs object is taking place exclusively in Pennsylvania.
Moreover, in this State, the Rules of Professional Conduct do not provide an independent basis for a cause of action. In Baxt v. Liloia, 155 N.J. 190, 714 A.2d 271 (1998), the Supreme Court declined to hold "that the RPCs in themselves create a duty or that a violation of the RPCs, standing alone, can form the basis for a cause of action." Id. at 201, 714 A.2d 271; Banco Popular N. Am. v. Gandi, 184 N.J. 161, 182 n. 8, 876 A.2d 253 (2005). The extent to which the RPCs are central to plaintiffs' complaint is evident in the relief they seek. Some counts of plaintiffs' complaint can be read as asserting "[u]pon information and belief" that Patterson is disclosing plaintiffs' confidential information to the Civic Association, a breach of a fiduciary duty from which Patterson might be enjoined. But the remedy plaintiffs seek, disqualification of Patterson's entire law firm from representing the Association even if Patterson is completely walled off from the PADEP litigation and even if he has not disclosed any confidential information, is an RPC-based remedy. See Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 536 A.2d 243 (1988). It would not necessarily be the appropriate remedy in an action based solely on alleged disclosure of confidential information or on common law breach of fiduciary duty.
We also address defendants' contention that the complaint should have been dismissed under the doctrine of forum non conveniens. We review a trial court's ruling on the application of this doctrine under an abuse of discretion standard. Kurzke v. Nissan Motor Corp., 164 N.J. 159, 165, 752 A.2d 708 (2000).
"Although phrased in a variety of ways, the essence of the doctrine is that a court may decline jurisdiction whenever the ends of justice indicate a trial in the forum selected by the plaintiff would be inappropriate." D'Agostino v. Johnson & Johnson, Inc., 225 N.J.Super. 250, 259, 542 A.2d 44 (App.Div.1988), aff'd, 115 N.J. 491, 559 A.2d 420 (1989). In making that decision, courts weigh a variety of public-interest and private-interest factors. The public interest factors include the following:
(1) the administrative difficulties which follow from having litigation pile up in congested centers rather than being handled at its origin, (2) the imposition of jury duty on members of a community having no relation to the litigation, (3) the local interest in the subject matter such that affected members of the community may wish to view the trial and (4) the local interest in having localized controversies decided at home.
[Kurzke, supra, 164 N.J. at 165, 752 A.2d 708.]
The private interest factors are:
(1) the relative ease of access to sources of proof, (2) the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses, (3) whether a view of the premises is appropriate to the action and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive, including the enforceability of the ultimate judgment.
[Ibid.]
The forum non conveniens analysis is qualitative rather than quantitative, and the burden is on defendants to demonstrate the inappropriateness of plaintiffs' chosen forum.
The determination as to the proper forum is not to be derived by a simple *99 balancing test of conveniences. A defendant must still bear the burden of establishing that the plaintiff's choice of forum is "demonstrably inappropriate" and designed to subject defendant to "harassment and vexation."
[Madan-Russo v. Grupo Posada, S.A. de C.V., 366 N.J.Super. 420, 427, 841 A.2d 489 (App.Div.), certif. denied, 180 N.J. 448, 852 A.2d 187 (2004); citations omitted.]
In this case, we are persuaded that defendants have carried their burden. First, the conduct complained of (defendants' representation of the Civic Association) and the underlying legal action before the PADEP are occurring exclusively in Pennsylvania. Second, defendants' client, the Association, is an indispensable party to the litigation because its right to the counsel of its choice will be affected by the outcome. See R. 4:28-1(a) and (b). The Law Division implicitly recognized this when it characterized the remedy it was granting as "disqualification." Yet plaintiffs did not join the Civic Association in the lawsuit. At oral argument on this appeal, plaintiffs admitted that the New Jersey courts do not have in personam jurisdiction over the Civic Association.
SPC has an ongoing dispute with the Civic Association in Pennsylvania. We find fundamental unfairness in plaintiffs' effort to deprive the Association of its chosen counsel by filing suit in New Jersey, a jurisdiction foreign to the underlying dispute. In Dewey v. R.J. Reynolds Tobacco Company, supra, 109 N.J. at 221, 536 A.2d 243, the Supreme Court recognized that "the disqualification of an attorney in pending litigation does a great disservice to the affected client." For that reason
a motion for disqualification calls for us to balance competing interests, weighing the "need to maintain the highest standards of the profession" against "a client's right freely to choose his counsel."
[Id. at 218, 536 A.2d 243, quoting Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir.1978).]
It follows that an action aimed at disqualifying an opposing party's counsel should be filed in the State where the underlying dispute is being litigated, so that the opposing party may readily participate to defend its right to "freely choose" its counsel. Ibid. It is manifestly inappropriate to attempt, as plaintiffs have done here, to achieve disqualification of opposing counsel by filing a lawsuit in another State. See Madan-Russo, supra, 366 N.J.Super. at 427, 841 A.2d 489.
Finally, we conclude that there is a strong local interest in Pennsylvania that outweighs plaintiffs' interest in litigating in New Jersey. See Kurzke, supra, 164 N.J. at 165, 752 A.2d 708. In addition to the interest of the Pennsylvania Supreme Court in overseeing the practice of law in Pennsylvania, it appears undisputed that there is considerable local interest in the PADEP proceeding. The ability or inability of local citizens to participate in that proceeding, which concerns a recycling facility in their neighborhood, is a matter of public interest in Philadelphia. Consequently, the potential disqualification of the Association's counsel is of far more local interest in Pennsylvania than it is in New Jersey.
Our conclusion is bolstered by plaintiffs' concession that they can obtain relief under Pennsylvania law in the courts of Pennsylvania. At oral argument, plaintiffs' counsel stated, and we agree, that the courts of Pennsylvania recognize the cause of action plaintiffs seek to assert here. Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz, 529 Pa. 241, 602 A.2d 1277, 1283 (1992). Consequently, plaintiffs can *100 obtain complete relief in Pennsylvania. Litigating this matter in Pennsylvania will not cause any "significant hardship" to plaintiffs. Mowrey v. Duriron Co., 260 N.J.Super. 402, 409, 616 A.2d 1300 (App. Div.1992).
We do not need to decide in this case whether our Supreme Court would follow the Pennsylvania Court's approach in Maritrans. Under forum non conveniens principles, we find plaintiffs' choice of New Jersey as the forum to be "demonstrably inappropriate." Mowrey, supra, 260 N.J.Super. at 409, 616 A.2d 1300.
Therefore, we reverse the decision of the trial court, vacate the injunction and remand for issuance of an order dismissing the complaint without prejudice to its being filed in Pennsylvania.
Reversed and remanded.