**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2553-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ARIEL SERRANO,

    Defendant-Appellant.

_____

Submitted June 1, 2017 — Decided July 3, 2017

Before Judges Alvarez and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
11-11-1901.

Joseph E. Krakora, Public Defender, attorney
for appellant (Lee March Grayson, Designated
Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Frances Tapia Mateo,
Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Ariel Serrano appeals from a Law Division order
denying his petition for post-conviction relief (PCR) after oral
argument, without an evidentiary hearing.  We affirm.

In November 2011, defendant was indicted by a Hudson County Grand Jury, charging him with second-degree possession of a handgun for an unlawful person, N.J.S.A. 2C:39-4(a) (count one); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count two); second-degree attempted aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count three); third-degree attempted aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count four); fourth-degree aggravated assault by pointing a firearm in the direction of an unknown John Doe, N.J.S.A. 2C:12-1(b)(4) (count five); fourth-degree obstructing administration of law, N.J.S.A. 2C:29-1 (count six); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count seven); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1) (count eight); and second-degree certain person not to have weapons, N.J.S.A. 2C:39-7(b) (count nine).

Prior to trial, the first eight counts of the indictment were dismissed. A jury convicted defendant on the remaining count in September 2012. On May 9, 2013, defendant was sentenced to a ten-year term in state prison with a five-year parole disqualifier. Additional fines and penalties were imposed.

On July 24, 2013, defendant filed a notice of appeal. We affirmed defendant's conviction and sentence in an unpublished

opinion.  State v. Serrano, No. A-5561-12 (App. Div. Feb. 4, 2015).

We adopt the salient facts from our previous opinion:

> The State's first witness at trial was Jersey City Police Detective Christopher Baker, who testified that on May 30, 2011, at approximately 3:30 a.m., he was dispatched to "a large street fight" in the area of Washington Park.  Upon arrival, he observed "multiple groups fighting in the middle of the street," and updated the station so additional officers could be sent to the scene.  His attention was drawn to a man, whom he later identified as defendant, pointing a two-tone handgun at a person lying on the ground.  Baker drew his own weapon and ordered defendant to stop.  Defendant grabbed a woman also involved in the melee, pulled her close to him, and moved back towards the entranceway to the park.  Baker immediately put away his own weapon and dispatched a description of defendant.  Defendant continued backing towards the park, let the woman go, and began running with the firearm still in his hand.  Baker followed.
>
> Because of the rush of others also fleeing the arrival of police, Baker was forced to stand on a wall to obtain a clear view.  After seeing defendant run through the park onto a street, Baker began chasing him.  Defendant threw the weapon to the side as he ran but was quickly apprehended by other officers who had gone to the location per Baker's directions.  Baker said he never lost sight of defendant.
>
> A canine unit was called to the scene, and Baker directed that officer's attention to the relevant area.  The dog located a two-tone semi-automatic in a trash can.
>
> [Id. slip op. at 2-3.]

Defendant filed a pro se PCR petition, which was amended by designated counsel and supplemented thereafter. Oral argument on the petition was heard on November 19, 2015. On the same day, the judge issued an order and oral opinion denying the petition. This appeal followed.

Defendant raises the following arguments on appeal:

POINT I

THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE CASE REMANDED FOR A FULL EVIDENTIARY HEARING BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STRICKLAND/FRITZ[1] TEST.

A. Trial Counsel Was Ineffective Because He Did Not Challenge The Identification Evidence Or Move For Dismissal Of The Remaining Charge.

B. Trial Counsel Was Ineffective Because He Did Not Subpoena A Critical Witness For Trial Who Was Expected To Testify That The Defendant Was Not The Man With The Gun.

C. Trial Counsel Was Ineffective Because He Did Not Move To Have The Gun Fingerprinted.

D. Trial Counsel Was Ineffective Because He Did Not Request A Jury Visit To The Locations W[h]ere The Defendant Was Arrested and Where The Gun Was Found.

---

[1] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42 (1987).

4

THE PCR COURT ERRED BY NOT GRANTING AN
EVIDENTIARY HEARING.

Having considered defendant's arguments in light of the record and controlling law, we affirm substantially for the reasons set forth in the oral opinion of Judge Paul M. DePascale. We add the following.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, supra, 129 N.J. at 459 (citations omitted). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision[]" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

Claims of constitutionally ineffective assistance of counsel are well suited for post-conviction review. See R. 3:22-4(a)(2); Preciose, supra, 129 N.J. at 460. In determining whether a defendant is entitled to relief on the basis of ineffective

assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698, and United States v. Cronic, 466 U.S. 648, 658-60, 104 S. Ct. 2039, 2046-47, 80 L. Ed. 2d 657, 667-68 (1984). Preciose, supra, 129 N.J. at 463; Fritz, supra, 105 N.J. at 49-50.

Under the first prong of the Strickland test, a "defendant must show that [defense] counsel's performance was deficient." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Our review of an order granting or denying PCR contains consideration of mixed questions of law and fact. State v. Harris, 181 N.J. 391, 415-16 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). We defer to a PCR court's factual findings and will uphold those findings that are "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). However, a PCR court's interpretations of law are provided no deference and are reviewed de novo. Id. at 540-41.

We first consider defendant's claim that defense counsel was ineffective for failing to move for dismissal of the charges or to challenge the identification evidence. As the judge found, and we agree, "[t]here was more than ample evidence in the Grand Jury to support the charges." Similarly, we reject as unfounded defendant's assertion defense counsel neglected the identification issue. Again, the judge correctly determined that since the identification witness was the arresting officer, there could be no challenge to an identification procedure involving a civilian.

Next, defendant argues that defense counsel was ineffective because he failed to call the alleged victim as a defense witness. In support thereof, defendant relies exclusively upon his self-serving certification. Defendant failed to produce any proof by way of affidavit or certification from the victim to support his claim that his testimony would have been favorable or would have altered the outcome of the proceedings. See State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999)) ("Thus, when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification."). As the judge found,

premised upon the inadequacy of defendant's PCR proofs on this score, defendant's contention is nothing more than a "bald assertion." Ibid. (quoting Cummings, supra, 321 N.J. Super. at 170).

Defendant additionally argues defense counsel was ineffective for failing to procure a fingerprint expert notwithstanding that there were no fingerprints recovered and none to analyze. Even if the absence of fingerprints was a suitable issue to raise through an expert, as this court has held, the right to comment on the lack of fingerprint evidence must be premised upon evidence to support the contention that "if fingerprints had been obtained, they would have exculpated defendant." State v. Loyal, 386 N.J. Super. 162, 173 (App. Div.), certif. denied, 188 N.J. 356 (2006). Moreover, the judge noted and we agree, given the State's proofs, the absence of fingerprints did "not in any way lessen the impact of the State's case."

Defendant's argument as to defense counsel's failure to request a jury visit also lacks merit. N.J.S.A. 2B:23-16(a) grants the trial judge discretion to order a site visit of the "lands, places or personal property in question to understand the evidence better." See also State v. Coleman, 46 N.J. 16, 25-26 (1965) cert. denied, 383 U.S. 950, 86 S. Ct. 1210, 16 L. Ed. 2d 212 (1966). We agree with the judge that, under these circumstances,

it is unlikely this request would have been granted. See Madan Russo v. Posado, 366 N.J. Super. 420, 430 (App. Div.) (noting "[j]ury viewing of a scene is the exception, not the rule"), certif. denied, 180 N.J. 448 (2004).

Accordingly, defendant has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Fritz, supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694). Further, with respect to the second prong of the Strickland test, defendant has failed demonstrate how either of these alleged deficiency resulted in a prejudice that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Fritz, supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

Finally, we reject defendant's argument the court erred in denying his petition without an evidentiary hearing. The determination on whether to hold an evidentiary hearing on an ineffective assistance of counsel claim is left to the sound discretion of the PCR judge. Preciose, supra, 129 N.J. at 462. An evidentiary hearing is required where the defendant has shown a prima facie case and the facts on which he relies are not already of record. Pressler & Verniero, Current N.J. Court Rules, comment

9

2 on R. 3:22-10 (2017). The mere raising of a claim for PCR does not entitle defendant to an evidentiary hearing. Cummings, supra, 321 N.J. Super. at 170.

Based upon our review of the record and applicable law, we are satisfied defendant failed to establish a prima facie case of ineffective assistance of counsel, as he has failed to show defense counsel's performance was deficient or resulted in prejudice. Consequently, he was not entitled to an evidentiary hearing. Preciose, supra, 129 N.J. at 462-64.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION