NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NOS. A-0836-14T1
 A-0183-15T1
 A-0307-15T1
34 LABEL STREET ASSOCIATES,

 Plaintiff-Respondent,

v.

RICHARD CECERE,

 Defendant-Appellant.
———————————————————————————

 Argued October 17, 2017 – Decided December 4, 2017

 Before Judges Reisner, Hoffman, and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-0496-
 12.

 Marlo J. Hittman argued the cause for appellant
 Richard Cecere in A-0836-14 and A-0307-15
 (Cozzarelli & Hittman, LLC, attorneys; Ms.
 Hittman and Frank J. Cozzarelli, on the
 briefs).

 Stephen N. Dratch argued the cause for
 appellants Cozzarelli Law LLP and Frank J.
 Cozzarelli in A-0183-15 (Franzblau Dratch, PC,
 attorneys; Mr. Dratch, on the brief).

 Richard D. Trenk argued the cause for
 respondent (Trenk, DiPasquale, Della Fera &
 Sodono, PC, attorneys; Mr. Trenk, of counsel;
 Henry M. Karwowski and Jessica A. Buffman,
 on the brief).

PER CURIAM

 To quote one of our earlier opinions: "This is a convoluted

commercial landlord/tenant" dispute. Defendant Richard Cecere,

individually and through a corporation he controlled, leased

portions of property owned by plaintiff 34 Label Street Associates

(34 Label). The dispute among the parties has engendered several

lawsuits and multiple appeals.

 In this consolidated opinion, we address three appeals: two

filed by Cecere, and one filed by Cecere's lawyers, Cozzarelli

Law, LLP and Frank J. Cozzarelli (collectively, Cozzarelli).

 Cecere appeals from three judgments, entered after two

trials, that (1) awarded 34 Label monetary damages for Cecere's

repeated breaches of a ground lease, and (2) rescinded the lease

because Cecere failed to pay the judgments, failed to comply with

the terms of the ground lease, and failed to comply with court

orders. We affirm the judgments entered on August 25, 2014,

September 8, 2014, and August 26, 2015, because the facts found

at trial established that Cecere materially breached the ground

lease from 2007 until 2015, and intentionally failed to cure those

breaches. Therefore, rescission was an appropriate equitable

remedy.

 2 A-0836-14T1
 Cozzarelli appeals from partial judgments that extinguished

a mortgage and security interest that it took in one of Cecere's

leased properties. Cozzarelli obtained that mortgage and security

interest after judgment had been entered against Cecere for breach

of that lease. Cozzarelli also appeals from an August 28, 2015

order denying its motion to intervene in the lawsuit between 34

Label and Cecere. We affirm the July 23, 2015 partial judgment,

the August 6, 2015 amended partial judgment, and the August 28,

2015 order, because the trial court acted within its discretion

in denying Cozzarelli the right to intervene due to its failure

to make a timely application.

 I.

 34 Label owns real property in Montclair. It leased portions

of that property to Cecere and R.C. Search Co., Inc. (R.C. Search),

a company wholly owned and controlled by Cecere.

 The disputes giving rise to these appeals concern a lease for

property on which Cecere operated a restaurant (the Restaurant

Property). Cecere initially leased the Restaurant Property under

a ten-year lease. In 2002, 34 Label and Cecere entered into a

ninety-nine-year ground lease for the Restaurant Property (the

Ground Lease). Thereafter, Cecere operated a restaurant on the

property until 2012, and he continued to occupy the property until

34 Label took possession in September 2015.

 3 A-0836-14T1
 Cecere prepaid the full rent of $387,199.20 when the Ground

Lease was executed in 2002. It was the parties' intent to transfer

ownership of the Restaurant Property to Cecere. In that regard,

the Ground Lease provided:

 It is the Lessor's intent to deed to the Lessee
 the entire premises, Fee Simple, referred to
 above (property) upon the Lessee's obtaining
 subdivision approval as described in the
 attached exhibit A.

 The Ground Lease also provided that, pending the subdivision,

Cecere was required to pay his proportional share of the property

taxes, and 100 percent of any increase in the taxes resulting from

improvements to the Restaurant Property. Cecere was also required

to pay his proportional share of other expenses. Finally, the

Ground Lease required Cecere to obtain $2 million in insurance and

name 34 Label as an additional insured party.

 Since executing the Ground Lease, Cecere has failed to satisfy

several obligations. Cecere has not paid any taxes or expenses

under the Ground Lease since 2007. Cecere also failed to obtain

insurance. Finally, Cecere never obtained subdivision approval.

These failures, as well as disputes over other leases between 34

Label, Cecere, and his company, R.C. Search, resulted in three

lawsuits.

 4 A-0836-14T1
 A. The First Lawsuit

 Separate from the Restaurant Property, in 1993, 34 Label

leased an office to R.C. Search (the Office Property). In 1996,

34 Label also leased a garage unit to Cecere (the Garage Property).

When Cecere stopped making tax and expense payments for the

Restaurant Property, he and R.C. Search also stopped paying rents

for the Office and Garage Properties. Accordingly, 34 Label

brought a summary disposition action against Cecere and R.C. Search

for possession of the Office and Garage Properties. The Special

Civil Part granted 34 Label possession, and we affirmed that order.

34 Label St. Assocs. v. R.C. Search Co., No. A-4556-08 (App. Div.

Apr. 8, 2010).1

 B. The Second Lawsuit

 In 2009, Cecere and R.C. Search sued 34 Label, its principal,

Howard Silver, and its accountant, Emer Featherstone. Cecere and

R.C. Search claimed that they were overcharged for rents on the

Office Property and that Silver and Featherstone engaged in fraud.

34 Label filed a counterclaim seeking to recover past due rents

for the Office and Garage Properties and past due taxes and

expenses for the Restaurant Property.

1
 Cecere appealed from the judgment for possession of the Garage
Property, but that appeal was dismissed for failure to prosecute.
34 Label St. Assocs. v. Cecere, No. A-0574-09, order entered on
June 10, 2010.

 5 A-0836-14T1
 On January 5, 2011, the trial court entered an order directing

Cecere to file an application to subdivide the Restaurant Property.

The court also ordered Cecere to "diligently pursue" the

subdivision application to conclusion. Cecere failed to comply

with that order.

 Thereafter, all of the claims by Cecere and R.C. Search were

dismissed, and in March 2011, the trial court entered a judgment

in favor of 34 Label (the March 2011 Judgment). Under the March

2011 Judgment, R.C. Search was ordered to pay $190,501.32 for

unpaid rents on the Office Property, and Cecere was ordered to pay

$22,126.51 for unpaid rents on the Garage Property and $149,468.96

for unpaid taxes and expenses on the Restaurant Property. The

trial court also denied 34 Label's application for attorney's

fees.

 In May 2011, shortly after the entry of the March 2011

Judgment, Cecere gave Cozzarelli a mortgage and security interest

in the Restaurant Property for $350,000 that Cecere owed to

Cozzarelli for legal services.

 Cecere and R.C. Search appealed from the March 2011 Judgment,

and 34 Label cross-appealed from the denial of its application for

attorney's fees. We affirmed the March 2011 Judgment against

Cecere and R.C. Search for the unpaid rents on the Office and

Garage Properties, and for the unpaid taxes and expenses on the

 6 A-0836-14T1
Restaurant Property. We reversed the portion of the March 2011

Judgment denying 34 Label's application for attorney's fees and

remanded that part of the case for further proceedings. R.C.

Search Co., Inc. v. Silver, No. A-4332-10 (App. Div. July 19,

2012).2

 Thereafter, Cecere did not pay any portion of the March 2011

Judgment. He also failed to pay the taxes and other property

expenses that continued to accrue under the Ground Lease.

 C. The Third Lawsuit

 In January 2012, while the March 2011 Judgment was pending

appeal, 34 Label sued Cecere for his continued breaches of the

Ground Lease. 34 Label also asserted a claim for rescission.

 The third lawsuit was stayed for several months when Cecere

filed for bankruptcy. In June 2014, after Cecere's bankruptcy

case was dismissed, the trial court found Cecere in contempt for

his failure to file a subdivision application as required by the

January 5, 2011 order. Cecere finally filed the subdivision

application in May 2014.

 In June 2014, the trial court conducted a four-day bench

trial on the claims in the third lawsuit. After hearing the

2
 Cecere has filed a separate appeal from the order that granted
34 Label attorney's fees following the remand proceedings. That
appeal is addressed in a separate opinion. R.C. Search Co., Inc.
v. Silver, No. A-4512-14 (App. Div. Dec. 4, 2017).

 7 A-0836-14T1
evidence, the trial court issued an oral decision on July 11,

2014. The court found that Cecere (1) failed to pay any of the

March 2011 Judgment; (2) failed to pay the ongoing expenses,

including taxes, for the Restaurant Property under the Ground

Lease; (3) failed to obtain insurance as required by the Ground

Lease; and (4) failed to comply with the January 5, 2011 order

that required him to file for subdivision of the Restaurant

Property. The court also found that 34 Label paid all of the

taxes and expenses on the Restaurant Property since 2007.

 Thus, the trial court found that Cecere breached the Ground

Lease in three material respects, by failing to (1) pay taxes and

expenses, (2) obtain insurance, and (3) diligently pursue a

subdivision of the Restaurant Property.

 Turning to 34 Label's claim for rescission, the court decided

it would give Cecere one last chance to cure his defaults.

Accordingly, the court directed that Cecere would have until

January 1, 2015, to cure his defaults, either by paying what he

owed and subdividing the property, or by selling the property.

 The court embodied its rulings in a judgment filed on August

25, 2014 (the August 2014 Judgment). The August 2014 Judgment

ordered Cecere to pay 34 Label $163,510.62 plus interest and costs,

which was the amount of unpaid taxes and fees accrued on the

Restaurant Property since the March 2011 Judgment. The August

 8 A-0836-14T1
2014 Judgment also ordered a conditional rescission, which

provided that if Cecere failed to pay the judgments owed to 34

Label and failed to obtain subdivision approval for the Restaurant

Property, the court would conduct further hearings to implement

the rescission of the Ground Lease.

 On September 8, 2014, the August 2014 Judgment was amended

to include $13,542.46 in additional property taxes accrued through

August 31, 2014. Thus, the monetary judgment increased to

$177,053.08. Cecere moved for reconsideration, but the court

denied that application in an order entered on September 19, 2014.

 On October 8, 2014, Cecere filed a notice of appeal from the

August 2014 Judgment, and the September 8, 2014 amended judgment.

Thereafter, Cecere filed an amended notice of appeal, adding the

September 19, 2014 order denying his motion for reconsideration.

 In November 2014, the Montclair Planning Board denied

Cecere's subdivision application. The Planning Board issued a

resolution finding that the application was incomplete primarily

because Cecere failed to explain how he would provide parking for

the restaurant if the property was subdivided and the Ground Lease

ended.

 By January 2015, Cecere had failed to satisfy the conditions

imposed by the court in the August 2014 Judgment. In that regard,

Cecere had not paid any of the monetary judgments entered against

 9 A-0836-14T1
him, continued to fail to pay new taxes and expenses on the

Restaurant Property, and had not subdivided the Restaurant

Property. Therefore, 34 Label filed an order to show cause seeking

rescission of the Ground Lease. The trial court entered an order

on January 13, 2015, scheduling a hearing on rescission and related

damages for February 6, 2015.

 In response, Cecere filed an emergent motion for leave to

appeal, arguing that the trial court did not have jurisdiction

because of the pending appeal. In a January 30, 2015 order, we

denied the motion and explained that the trial court had

"continuing jurisdiction to enforce judgments and orders."

 Following the denial of Cecere's emergent motion, the trial

court ordered him to allow 34 Label to inspect the Restaurant

Property to evaluate the improvements that he made. Cecere never

allowed that inspection. As a result, the trial court found Cecere

in contempt and entered an order barring him from presenting a

claim based on his improvements to the Restaurant Property. The

court entered that sanction because of "Cecere's history of

intentional non-compliance with court orders and the apparent

inadequacy of monetary sanctions[.]" That order did not preclude

Cecere from using an expert to appraise the property, but he

ultimately chose not to present an expert at trial.

 10 A-0836-14T1
 In March 2015, Cozzarelli assigned its rights under the

mortgage and security agreement to an entity known as "Ice Pick,

Inc." An associate of Cozzarelli, who works at the law firm, owns

Ice Pick.

 A trial on the remedy of rescission and related damages began

in July 2015. 34 Label presented an expert on the fair market

rental value of the Restaurant Property. After counsel for Cecere

cross-examined 34 Label's expert for approximately six hours, the

court took a lunch break. Following the lunch break, counsel for

Cecere announced that Cecere had discharged her. The trial court

denied an application for a mistrial, but granted a continuance

to allow Cecere to either retain new counsel or proceed self-

represented.

 At that time, the trial court entered a partial judgment

granting 34 Label immediate possession of the property. In

awarding immediate possession, the trial court noted "the long and

tortured history of this case and Cecere's continuous use of delay

tactics and flouting of court orders." The partial judgment,

entered on July 23, 2015, also extinguished Cozzarelli's mortgage

and security interest in the Restaurant Property. On August 5,

2015, Cozzarelli filed a motion to intervene. The following day,

the court issued an amended partial judgment, and an opinion

explaining its ruling. Thereafter, on August 28, 2015, the trial

 11 A-0836-14T1
court entered an order denying Cozzarelli's motion to intervene.

Cozzarelli filed a motion with us for a stay, which we denied.

 In the meantime, on August 17, 2015, the rescission trial

resumed, with Cecere representing himself. 34 Label presented its

accountant who testified as to the amount of property taxes and

expenses that 34 Label had paid on the Restaurant Property. The

trial court found the accountant to be credible.

 On August 26, 2015, the trial court entered a judgment

rescinding the Ground Lease, and entered a monetary judgment to

restore the parties to their status quo as much as possible (the

August 2015 Judgment). When the Ground Lease was executed in

2002, Cecere prepaid rent of $387,199.20. Using evidence submitted

by Cecere, the court found that the present value of Cecere's

prepaid rent (as of 2015) was $531,663.22. The court found that

34 Label was entitled to $716,481 for Cecere's use and possession

of the Restaurant Property. The court also awarded 34 Label

$49,530.23 in other expenses. Accordingly, the court found that

34 Label was entitled to rents and expenses totaling $766,011.23,

and Cecere was entitled to reimbursement of his prepaid rent in

the present value of $531,633.22. Offsetting those two amounts,

the court entered a net judgment in favor of 34 Label for

$234,348.01.

 12 A-0836-14T1
 In addition, the court found that the March 2011 and August

2014 Judgments established the correct amount of taxes and expenses

owed by Cecere to 34 Label for the time between October 2007 and

August 2014. In that regard, the court found that the rent

credited to 34 Label did not include property taxes and expenses.

Thus, the August 2015 Judgment left the March 2011 and August 2014

Judgments "in full force and effect[.]"

 On September 2, 2015, 34 Label executed the writ of possession

and took possession of the Restaurant Property.

 As already noted, Cecere and Cozzarelli have filed three

separate appeals. In A-0836-14, Cecere appeals from the August

2014 Judgment, the September 8, 2014 amended judgment, and the

September 19, 2014 order denying reconsideration. In A-0307-15,

Cecere appeals from the August 2015 Judgment. In A-0183-15,

proposed intervenor, Cozzarelli, appeals from the July 23, 2015

partial judgment, the August 6, 2015 amended partial judgment, and

the August 28, 2015 order denying his motion to intervene.

 II.

 In his appeals, Cecere primarily contends that rescission was

an improper remedy and challenges, on various grounds, the August

2015 Judgment granting rescission. Cecere also challenges the

adequacy of the trial court's factual findings throughout the

litigations, arguing that (1) the trial court erred in admitting

 13 A-0836-14T1
expert testimony on behalf of 34 Label; (2) the trial judge should

have recused herself; (3) 34 Label frustrated the subdivision

process; (4) the trial court lacked jurisdiction to issue the

August 2015 Judgment; (5) the trial court exceeded its authority

by holding Cecere in contempt; (6) the trial court's findings were

not based on adequate credible evidence; and (7) the trial court

improperly restrained Cecere from use of his assets.

 Cozzarelli makes six arguments on appeal: (1) the trial court

lacked personal jurisdiction over it; (2) it should have been

allowed to intervene; (3) the trial court lacked jurisdiction

after Cecere appealed the August 2014 Judgment; (4) it had viable

defenses to the extinguishment of its mortgage; (5) any claims

against it should have been dismissed due to 34 Label's violation

of Rule 4:5-1; and (6) 34 Label's claims for payments made after

May 5, 2011, lack priority over its mortgage.

 These arguments lack merit and, for the reasons set forth

below, we reject them. We will first address Cecere's arguments,

focusing principally on rescission. We will then address

Cozzarelli's arguments.

 A. The Judgment of Rescission

 We begin our analysis with the August 2015 Judgment granting

rescission, because that was the final judgment entered against

Cecere.

 14 A-0836-14T1
 As an equitable remedy, rescission lies within the inherent

discretion of the trial court. First Am. Title Ins. Co. v. Lawson,

177 N.J. 125, 140 (2003). Accordingly, we review an equitable

judgment granting rescission for abuse of discretion. Sears Mortg.

Corp. v. Rose, 134 N.J. 326, 353-54 (1993); Civil S. Factors Corp.

v. Bonat, 65 N.J. 329, 333 (1974).

 Moreover, the trial court's factual findings will be upheld

if they are supported by substantial credible evidence in the

record. MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007)

(citing N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261,

279 (2007)). Such deference is especially appropriate "when the

evidence is largely testimonial and involves questions of

credibility." Cesare v. Cesare, 154 N.J. 394, 412 (1998).

 The remedy of rescission is rooted in considerations of

equity. Rutgers Cas. Ins. Co. v. LaCroix, 194 N.J. 515, 527

(2008). Where monetary damages alone will not satisfy the injury

sustained by the aggrieved party, courts can look to the equitable

remedy of rescission to provide adequate relief. Ibid.

Accordingly, our Supreme Court has explained:

 Rescission remains a form of equitable relief
 in whatever setting its need arises, and
 courts wielding that remedy retain the
 discretion and judgment required to ensure
 that equity is done. In furtherance of that
 objective, a court may shape the rescission
 remedy in order to serve substantial justice.

 15 A-0836-14T1
 [Id. at 528-29.]

 Ordinarily, rescission serves as a remedy for fraud, mistake,

or misrepresentation. E. Newark Realty Corp. v. Dolan, 15 N.J.

Super. 288, 292-93 (App. Div. 1951). Nevertheless, rescission can

be granted even in the absence of fraud, mistake, or

misrepresentation. See ibid. ("The equitable remedy of

cancellation of documents is generally based on fraud or mistake

in the inception of the document, but on occasion the remedy is

applied even though fraud and mistake are absent.").

 Where a party materially breaches a contract and there is no

adequate monetary remedy, rescission may be appropriate.

Contracts may be rescinded where there is "original invalidity,

fraud, failure of consideration or a material breach." Farris v.

Cty. of Camden, 61 F. Supp. 2d 307, 336 (D.N.J. 1999) (quoting

Notch View Assocs. v. Smith, 260 N.J. Super. 190, 197 (Law Div.

1992)). The trial court should mold the rescission remedy to

restore the parties to the positions that they would have been in

had the contract never been formed, and to prevent the breaching

party from gaining a benefit. LaCroix, supra, 194 N.J. at 527

(citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 612 (1989)).

In short, as an equitable remedy, the availability of rescission

 16 A-0836-14T1
depends on the totality of the circumstances in a given case.

Lawson, supra, 177 N.J. at 143.

 Here, the factual findings of the trial court support the

equitable remedy of rescission. In that regard, Cecere materially

breached the Ground Lease and those breaches could not be remedied

by monetary judgments. Specifically, the trial court conducted

two trials and made the following factual findings, many of which

were not in dispute:

 1. Cecere had been in breach of the Ground
 Lease since 2007, when he stopped paying taxes
 and expenses on the Restaurant Property;

 2. Two judgments were entered against Cecere
 in 2011 and 2014, but he failed to pay either
 judgment;

 3. Cecere also continued to occupy the
 Restaurant Property, but continued to fail to
 pay the newly accruing property taxes and
 expenses; and

 4. Cecere initially refused to obey the
 order requiring him to seek subdivision of the
 Restaurant Property; was found to be in
 contempt of that order; and ultimately failed
 to get the subdivision because he had no plan
 regarding parking accommodations for the
 restaurant.

 In light of those findings, the trial court determined that

Cecere would never comply with his obligations under the Ground

Lease. Indeed, the trial court stated: "[I]t's clear to this

[c]ourt based upon the testimony of Mr. Cecere, his demeanor, his

 17 A-0836-14T1
attitude which this [c]ourt had the ability to observe firsthand

over the period of . . . a full day of testimony that [Cecere] has

no intention of making those payments."

 The trial court initially entered conditional rescission and

gave Cecere an additional six months to avoid rescission by

complying with his obligations. It was only after Cecere failed

to satisfy the conditions imposed by the court that the trial

court, after a further trial, entered a final judgment of

rescission. Those facts and proceedings support the equitable

remedy of rescission.

 We also hold that the factual findings made during the 2015

rescission trial were supported by substantial credible evidence.

The court determined that the present value of the rent that Cecere

paid in 2002 was $531,663.22. In making that finding, the court

relied on evidence submitted by Cecere. The court also found that

34 Label was entitled to compensation from Cecere for use and

possession of the Restaurant Property from 2002 to 2015. The

court based that finding on expert testimony, which it found to

be credible. Accordingly, the court found that 34 Label was

entitled to rents and expenses totaling $766,011.23. Offsetting

those two amounts, the court entered a net judgment in favor of

34 Label for $234,348.01. In addition, the court found that the

March 2011 and August 2014 Judgments established the correct amount

 18 A-0836-14T1
of taxes and expenses owed by Cecere to 34 Label through August

2014. All of the court's findings are supported by substantial

credible evidence in the record and we find no basis to disturb

those findings. Moreover, the court's rulings restored the parties

to their original positions in light of the rescission. See

LaCroix, supra, 197 N.J. at 527.

 Cecere makes a series of arguments challenging the remedy of

rescission. None of those arguments are persuasive.

 First, Cecere contends that rescission requires findings of

clear and convincing evidence and that the trial court failed to

apply such a standard. In making that argument, Cecere relies on

a case that discusses proving fraud by clear and convincing

evidence. See Armel v. Crewick, 71 N.J. Super. 213, 217 (App.

Div. 1961) (stating that a "court of equity has frequently applied

the 'clear and convincing' quantum to averments of fraud"). Here,

however, 34 Label's claim was not based on equitable fraud.

Instead, the claim was based on material breaches of the Ground

Lease, which Cecere refused to cure. Consequently, clear and

convincing evidence was not required. Even if we were to apply

that standard, it has been met. Cecere himself acknowledged that

he was not paying the taxes and that he had not obtained insurance.

Those admissions clearly and convincingly established the breaches

of the Ground Lease.

 19 A-0836-14T1
 Second, Cecere argues that rescission was barred by judicial

estoppel and the entire controversy doctrine. 34 Label never took

a position that estopped it from seeking rescission. See Kimball

Int'l, Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 606

(App. Div. 2000) ("A threat to the integrity of the judicial system

sufficient to invoke the judicial estoppel doctrine only arises

when a party advocates a position contrary to a position it

successfully asserted in the same or a prior proceeding.").

Instead, 34 Label initially tried to enforce the lease, but even

after judgments were entered against Cecere, he continued to breach

the Ground Lease. Consequently, 34 Label did not change its

position; rather, Cecere refused to comply with court judgments.

 For similar reasons, the entire controversy doctrine does not

apply against 34 Label. See Oliver v. Ambrose, 152 N.J. 383, 392

(1998) ("For over sixty years, it has been established in New

Jersey that the entire controversy doctrine requires the mandatory

joinder of all claims to a single transaction."). 34 Label only

sought rescission after Cecere failed to comply with the March

2011 Judgment that ordered him to pay the taxes and expenses for

the Restaurant Property. Moreover, Cecere continued to possess

the Restaurant Property, but refused to pay the ongoing property

taxes and expenses.

 20 A-0836-14T1
 Third, Cecere argues that rescission was barred by the statute

of limitations and the doctrine of laches. Cecere never asserted

those defenses before the trial court. Therefore, he waived them.

See Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2.1 on

R. 4:5-4 (2018) ("While the rule does not expressly so state, it

is clear that ordinarily an affirmative defense that is not pleaded

or otherwise timely raised is deemed to have been waived."); see

also Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 520

(App. Div. 2004) (declining to consider an issue on appeal because

appellant failed to properly raise it before the trial court).

 Even if we considered these arguments substantively, however,

they lack merit. The applicable statute of limitations for claims

of rescission is six years. N.J.S.A. 2A:14-1. Cecere breached

the Ground Lease in 2007, and 34 Label obtained a judgment in

March 2011. After Cecere refused to pay that judgment, 34 Label

filed its claim for rescission in 2012. All of that took place

within the applicable six years. Cecere's claim for laches fails

for the same reasons. In short, 34 Label acted timely in

responding to Cecere's ongoing breaches of the Ground Lease.

 Fourth, Cecere contends that there is no such thing as

conditional rescission. That argument lacks merit because by

putting conditions on the rescission, the trial court was giving

Cecere one last opportunity to cure his long-standing material

 21 A-0836-14T1
breaches of the Ground Lease. As already explained, it is within

the court's discretion to mold the rescission remedy to provide

adequate relief based upon the totality of the circumstances. See

Lawson, supra, 177 N.J. at 143. Cecere's continued non-compliance

with both the requirements of the Ground Lease and court judgments

demonstrates that the trial court acted within its discretion in

granting conditional rescission.

 B. Cecere's Other Arguments on Appeal

 Cecere also makes a series of arguments to challenge the

adequacy of the trial court's factual findings. Having found that

rescission was an appropriate remedy, and that it was correctly

implemented, we will briefly analyze why we reject the remainder

of his arguments.

 Cecere contends that the trial court improperly relied upon

certain evidence. Specifically, he contends that the trial court

should not have admitted and relied upon expert testimony of

Charles Blau regarding the fair rental value of the Restaurant

Property, and a summary document of the expenses incurred by 34

Label. We review such evidentiary issues for abuse of discretion.

Brenman v. Demello, 191 N.J. 18, 31 (2007). Having evaluated the

court's evidentiary rulings in light of the applicable rules of

evidence, we find no such abuse.

 22 A-0836-14T1
 Next, Cecere argues that the judge who conducted the 2015

rescission trial was biased and should have recused herself. In

support of this argument, Cecere cites nothing that would

demonstrate any biased or improper conduct by the trial judge.

Instead, Cecere simply points to statements that the judge made

based on the facts presented during the litigation. The judge did

not engage in conduct warranting recusal. See Panitch v. Panitch,

339 N.J. Super. 63, 68-71 (App. Div. 2001) (reviewing the denial

of a motion for recusal for abuse of discretion, and stating that

a judge's comments do not, by themselves, require recusal). Here,

we find no abuse of discretion. Indeed, Cecere's arguments are

based on factual assertions not supported by the record.

 Cecere also contends that 34 Label frustrated his efforts to

subdivide the property. Here again, the record does not support

his contention. As part of Cecere's subdivision application, the

Montclair Planning Board requested that he clarify how he would

provide parking for the restaurant if the property was subdivided

and the Ground Lease ended. Cecere asserted that he could continue

to use the garage as permitted under the Ground Lease. Counsel

for 34 Label informed the Planning Board that if the property was

subdivided, the Ground Lease would no longer exist and, therefore,

Cecere would not have access to the parking garage. The trial

 23 A-0836-14T1
court reviewed this issue and found that 34 Label did not act

improperly. That finding is amply supported by the record.

 Cecere argues that the trial court lacked jurisdiction to

conduct the rescission trial in 2015, while his appeal from the

August 2014 Judgment was pending. That argument fails because the

rescission trial was a proceeding to enforce the August 2014

Judgment. Consequently, the trial court had "continuing

jurisdiction to enforce judgments and orders . . . ." R. 2:9-

1(a). Indeed, we clarified that point in denying Cecere's emergent

motion seeking leave to appeal the January 13, 2015 order to show

cause.

 Further, as the procedural history of this case unfolded, it

now can be argued that the August 2014 Judgment was an

interlocutory judgment. That judgment was specifically

conditioned on certain events taking place before January 2015.

The judgment also provided that the court would conduct further

proceedings regarding rescission if those conditions were not met.

Consequently, when Cecere failed to comply with the August 2014

Judgment, the court conducted further proceedings, including

another trial, to implement rescission of the Ground Lease. Thus,

although Cecere now has the right to appeal the August 2014

Judgment, that right arose after the August 2015 Judgment granting

rescission was entered. We have not required Cecere to amend his

 24 A-0836-14T1
notice of appeal and have already addressed and rejected his

arguments challenging the August 2014 Judgment, as well as the

September 8, 2014 amended judgment and September 19, 2014 order

denying reconsideration.

 Cecere also claims that the trial court improperly held him

in contempt twice; once in June 2014, and again in May 2015. We

review a trial court's order of contempt for abuse of discretion.

Gonzalez v. Safe & Sound Sec. Corp., 368 N.J. Super. 203, 209

(App. Div. 2004), rev'd on other grounds, 185 N.J. 100 (2005).

Given the detailed factual findings regarding Cecere's actions,

we find no such abuse.

 Both times the trial court held Cecere in contempt, it noted

that he had ignored clear prior court orders. Indeed, Cecere was

first found in contempt after he failed to comply with the January

5, 2011 order directing him to submit an application for

subdivision. The second time Cecere was held in contempt, the

court stated that it was imposing contempt because of his blatant

disregard of discovery obligations to his adversary, including his

deliberate refusal to provide 34 Label access to the Restaurant

Property, and his long-standing history of "flouting" court

orders. Those sanctions were appropriate given Cecere's prior

actions and refusal to obey prior court orders.

 25 A-0836-14T1
 Finally, Cecere's remaining arguments lack sufficient merit

to warrant discussion in a written opinion and, therefore, we

reject them without further comment. R. 2:11-3(e)(1)(E).

 C. Cozzarelli's Appeal

 Only one of the issues that Cozzarelli raises on appeal is

properly before us: whether the trial court correctly denied its

request to intervene. We hold that the trial court did not abuse

its discretion in denying Cozzarelli's belated motion to

intervene. See Town of Phillipsburg v. Block 1508, Lot 12, 380

N.J. Super. 159, 172 (App. Div. 2005) (reviewing a trial court's

denial of permissive intervention pursuant to Rule 4:33-2 for

abuse of discretion). Lacking status as a party, Cozzarelli does

not have standing to make its other arguments. Williams v. State,

375 N.J. Super. 485, 530 (App. Div. 2005) (recognizing that

intervenors are not parties in the action until a motion to

intervene is granted). Moreover, by failing to timely intervene,

Cozzarelli effectively waived its right to challenge the trial

court's ruling that extinguished its mortgage. J.L.B. Equities

v. Dumont, 310 N.J. Super. 366, 374 (App. Div. 1998).

 Rule 4:33-1 governs applications for intervention as of

right, and Rule 4:33-2 addresses permissive intervention. Both

rules require a "timely application." Here, the trial court found

that Cozzarelli's motion to intervene was not timely.

 26 A-0836-14T1
Specifically, the trial court found that Cozzarelli had notice of

the rescission claim starting in 2012, but waited until August

2015, to seek intervention. In making that determination, the

trial court relied on the following factual findings.

 Cozzarelli represented Cecere in the lawsuit that resulted

in the March 2011 Judgment. Cozzarelli then took the mortgage and

security interest in the Restaurant Property in May 2011. Notably,

the mortgage and security agreement both required Cecere to be in

compliance with his obligations under the Ground Lease.

Cozzarelli, however, knew that Cecere was in breach of those

obligations and had been in continuous breach since 2007.

 Cozzarelli was also on notice when 34 Label filed the third

lawsuit in 2012 seeking rescission of the Ground Lease. Despite

knowing that 34 Label sought rescission, Cozzarelli chose not to

intervene at that time.

 Cozzarelli continued to delay even after the trial court

entered the August 2014 Judgment. That judgment granted 34 Label

conditional rescission and spelled out the exact conditions that

needed to be met within six months. It is undisputed that those

conditions were not satisfied by January 2015. Thereafter, the

trial court conducted proceedings to implement the final

rescission. Those proceedings included a trial in July 2015,

during which an associate of Cozzarelli Law represented Cecere.

 27 A-0836-14T1
 Accordingly, from January 2012 through July 2015, Cozzarelli

had actual notice that 34 Label was seeking rescission of the

Ground Lease. An obvious component of rescission would be the

extinguishment of any interest in the Restaurant Property

transferred by Cecere, including Cozzarelli's mortgage and

security interest. Nevertheless, Cozzarelli did not move to

intervene until August 2015. Based on those facts, the trial

court acted well within its discretion in denying Cozzarelli's

motion to intervene.

 On appeal, Cozzarelli suggests that there are differences

between Cozzarelli Law, associates of the firm, and Frank J.

Cozzarelli in his individual capacity. Whatever distinctions

there may be for other purposes, the individuals and entities with

a mortgage and security interest in the Restaurant Property

indisputably knew in January 2012 that 34 Label was seeking

rescission of the Ground Lease. Thus, they are all precluded by

the trial court's judgments.

 While we need not address Cozzarelli's other arguments, we

note that even if we were to reach them, they lack merit. The

court clearly had jurisdiction over Cecere and the Ground Lease.

Consequently, when the court granted rescission, it had the

jurisdiction and authority to extinguish Cecere's property

interests under the Ground Lease and any interest that Cecere had

 28 A-0836-14T1
transferred, including the mortgage and security interest

transferred to Cozzarelli, which were subsequently transferred to

Ice Pick.

 Having carefully reviewed this entire record, and the myriad

of arguments put forward both by Cecere and Cozzarelli, we see no

viable defense that Cozzarelli could have asserted to the

extinguishment of the mortgage and security interest in the

Restaurant Property.

 Finally, as our prior analysis has established, given the way

the mortgage and security interest were created, and Cozzarelli's

clear notice of the rescission claim, 34 Label had no obligation

to identify, much less move to join, Cozzarelli. Thus, we see no

violation of Rule 4:5-1.

 In summary, we affirm the judgments and orders entered on

August 25, 2014, September 8, 2014, September 19, 2014, July 22,

2015, August 6, 2015, August 26, 2015, and August 28, 2015.

 Affirmed.

 29 A-0836-14T1