**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4989-16T1
A-4990-16T1
A-4991-16T1
A-3204-17T1

RAYMOND REBBECK and SHELIA
MARY REBBECK,

      Plaintiffs-Appellants,

v.

HONEYWELL INTERNATIONAL,
INC., f/k/a Allied Signal, Inc.,
as Successor in the Interest
to the Bendix Corporation,

      Defendant-Respondent.

_____

DAVID HARVEY and SHARON
HARVEY,

      Plaintiffs-Appellants,

v.

HONEYWELL INTERNATIONAL,
INC., f/k/a Allied Signal, Inc.,
as Successor in the Interest
to the Bendix Corporation,

Defendant-Respondent.

_____

ROGER WILLIAMS and SARAH
BEAUCHAMP-WILLIAMS,

       Plaintiffs-Appellants,

v.

HONEYWELL INTERNATIONAL,
INC., f/k/a Allied Signal, Inc.,
as Successor in the Interest
to the Bendix Corporation,

       Defendant-Respondent.

_____

LESLIE JAMES GARDNER,

       Plaintiff-Appellant,

v.

HONEYWELL INTERNATIONAL,
INC., f/k/a Allied Signal, Inc.,
as Successor in the Interest
to the Bendix Corporation,

       Defendant-Respondent.

_____

      Argued January 23, 2019 – Decided March 5, 2019

      Before Judges Hoffman, Suter and Firko.

A-4989-16T1

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket Nos. L-4286-16, L-6318-15, L-2314-16 and L-6817-16.

Daniel J. Woodard argued the cause for appellants Raymond and Sheila Mary Rebbeck in A-4989-16, David and Sharon Harvey in A-4990-16, and Roger Williams and Sarah Beauchamp-Williams in A-4991-16 (Szaferman, Lakind, Blumstein, Blader, PC, and Brendan J. Tully (Phillips & Paolicelli) of the New York bar, admitted pro hac vice, attorneys; Robert E. Lytle, on the briefs).

Daniel J. Woodard argued the cause for appellant Leslie James Gardner in A-3204-17 (Phillips & Paolicelli, LLP, attorneys; Daniel J. Woodard, on the briefs).

John C. Garde argued the cause for respondents (McCarter & English, LLP, and Gibbons PC, attorneys; John C. Garde and Ethan D. Stein, of counsel; Jean P. Patterson and Elizabeth K. Monahan, on the brief).

PER CURIAM

In this appeal, we address the dismissal of the asbestos-related product liability claims of now-deceased residents of the United Kingdom (U.K.), plaintiffs[1] Raymond Rebbeck, David Harvey, Roger Williams, and Leslie James Gardner, against defendant Honeywell International, Inc. (Honeywell) on the

---

[1]  The spouses of Rebbeck, Harvey, and Williams also sue per quod.  We previously consolidated the Rebbeck, Harvey, and Williams cases for purposes of this opinion.  Since the Gardner appeal was heard back-to-back on the same calendar, we consolidate it for purposes of this opinion as well.

ground of forum non conveniens. After careful review, we affirm the Law Division orders of dismissal in each case, but remand for the entry of a modified order in the Gardner case to mirror the dismissal orders in the other cases.

The central facts are not in dispute. Plaintiffs were lifetime residents of the U.K., where they worked as automobile mechanics. Part of their jobs entailed installing replacement brakes – plaintiffs contend they predominately installed Bendix Corporation brakes, which at the time contained asbestos. Plaintiffs claim that the asbestos dust they inhaled from those brakes caused them to develop mesothelioma.

Between October 2015 and November 2016, plaintiffs filed their complaints against Honeywell as the successor in interest to Bendix Corporation.[2] Incorporated in Delaware, Honeywell maintains its principal place of business in New Jersey. Plaintiffs' complaints alleged breach of express and implied warranties, the marketing of an ultra-hazardous product, breach of the duty to warn, and that Honeywell "willfully . . . with[e]ld information from [p]laintiff[s] . . . and the general public."

---

[2] Bendix merged into Allied Corporation, which merged into Allied Signal, Inc., which merged into Honeywell, Inc.

A-4989-16T1

The parties conducted limited discovery, including the depositions of plaintiffs before they died. Honeywell then filed motions to dismiss based on the doctrine of forum non conveniens. The parties submitted voluminous factual materials in support of and in opposition to the motions, including affidavits from asbestos litigation experts in the U.K.: Patrick Gerard Walsh and Harry David Glyn Steinberg, on behalf of plaintiffs; and Nicholas Aidin Pargeter on behalf of Honeywell.

After hearing oral argument, Judge Jane B. Cantor issued an oral opinion granting Honeywell's motion to dismiss in the Rebbeck, Harvey, and Williams cases based on forum non conveniens. After hearing oral argument in the Gardner case, Judge Ana C. Viscomi granted Honeywell's motion to dismiss, also based on forum non conveniens. She issued a written opinion setting forth the reasons for her decision. These appeals followed.

Forum non conveniens is an equitable doctrine, and its application is left to the sound discretion of the trial judge. Kurzke v. Nissan Motor Corp. in U.S.A., 164 N.J. 159, 165 (2000). Accordingly, we will not intervene absent a clear abuse of discretion. Civic S. Factors Corp. v. Bonat, 65 N.J. 329, 332 (1974). The essence of forum non conveniens is that a court may decline jurisdiction "whenever the ends of justice indicate a trial in the forum selected

by the plaintiff would be inappropriate." D'Agostino v. Johnson & Johnson, Inc., 225 N.J. Super. 250, 259 (App. Div. 1988).

The defendant,

> as the entity invoking the doctrine of forum non conveniens, bears the burden of establishing that New Jersey is not a convenient forum for this litigation. [Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).] However, less deference is accorded to [the] plaintiffs' forum choice in this case than would normally be accorded because of [the] plaintiffs' residence in the U.K., not in this State. Id. at 255-56. When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference. Ibid.
>
> [In re Vioxx Litig., 395 N.J. Super. 358, 364-65 (App. Div. 2007).]

The first inquiry by the court on a dismissal application based on forum non conveniens is whether there is an adequate alternative forum for the case where the defendant is amenable to service of process and the subject matter of the dispute may be litigated. Varo v. Owens-Illinois, Inc., 400 N.J. Super. 508, 519-20 (App. Div. 2008). Assuming a proper alternative forum, the court must consider and weigh both public and private interest factors to determine whether

A-4989-16T1

the plaintiff's choice of forum is appropriate for the matters in issue. <u>Gulf Oil</u> <u>Corp. v. Gilbert</u>, 330 U.S. 501, 508-09 (1947).

The public interest factors are as follows:

> (1) the administrative difficulties which follow from having litigation "pile up in congested centers" rather than being handled at its origin, (2) the imposition of jury duty on members of a community having no relation to the litigation, (3) the local interest in the subject matter such that affected members of the community may wish to view the trial[,] and (4) the local interest "in having localized controversies decided at home."
>
> [<u>Aguerre v. Schering-Plough Corp.</u>, 393 N.J. Super. 459, 474 (App. Div. 2007) (quoting <u>Gulf Oil Corp.</u>, 330 U.S. at 508-09).]

The private interest factors are:

> (1) the relative ease of access to sources of proof, (2) the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses, (3) whether a view of the premises is appropriate to the action[,] and (4) all other practical problems that make trial of the case "easy, expeditious and inexpensive," including the enforceability of the ultimate judgment.
>
> [<u>Ibid.</u>]

Judge Cantor stated in her oral opinion that the U.K. is a proper alternative forum since plaintiffs were residents of the U.K., and they have the right to bring suit against Honeywell in the U.K. She added that if a U.K. court should reject

7

plaintiffs' claims on the basis that the U.K. does not hear product liability cases brought by claimants who used an allegedly defective product during the course of their employment, then she would "invite these cases back." In her written opinion, Judge Viscomi found the U.K. constitutes an adequate alternative forum because the parties agree the U.K. processes workplace asbestos litigation against claimants' employers.

Having found an adequate alternative forum, the judges went on to address the public and private interests. Judge Cantor stressed the administrative difficulties having the cases in New Jersey, and that the U.K "has a much greater local interest in the international impact of products [imported] into [its] country."

Applying the public interest factors, Judge Viscomi found:

> 1) . . . . Middlesex is the [Multicounty Litigation] jurisdiction for asbestos cases. Presently pending are over 400 cases with approximately 100 [attorneys] representing living mesothelioma plaintiffs. Their cases are expedited. Opening the docket to European residents who have an adequate alternative forum would delay the disposition of United States residents['] claims, particularly those who have been diagnosed with mesothelioma. 2) . . . . The Middlesex jurors would be asked to sit on a case involving a foreign plaintiff and a foreign defendant. The products at issue were manufactured in Europe. 3) . . . . There would be no local interest in the Middlesex jurors given that both . . . plaintiff and . . . defendant's products are

8

foreign. The public interest would inure to the plaintiff's community in the [U.K.] to observe the proceeding there. And [4)] the local interest in having localized controversies decided at home. This factor inured to the localized interest in the [U.K.] and not Middlesex County.

In addressing the private interest factors, Judge Viscomi found:

1) The relative ease of access to sources of proof rests primarily, if not exclusively in the [U.K.] Plaintiff has never been in New Jersey. Pursuing a product liability claim would require extensive discovery process in the [U.K.] as to alternate exposure and medical treatment. 2) . . . . All of the witnesses, with the exception of perhaps some, if any, corporate witnesses are in the [U.K.] Would they all come to the United States: Would the court be able to secure their attendance? 3) Whether a view of the premises is appropriate to the action. . . . generally does not apply in asbestos litigation. 4) . . . . This court would have to apply [U.K.] law and instruct the jury as to [U.K.] law.

However, she declined to dismiss Gardner's complaint without prejudice, instead entering a "with prejudice" dismissal.

Contrary to plaintiffs' arguments on appeal, we find no clear showing of an abuse of discretion by either trial judge. There is no suggestion that the U.K. would not provide a proper forum to adjudicate this matter, particularly via claims against plaintiffs' former employers. Plaintiffs did not establish that their claims cannot be filed against Honeywell in the U.K., conceding that such claims are "technically possible," although with "practical impediments."

9

Honeywell's expert explained that bringing a suit such as plaintiffs' against a former employer is more common than filing against the product manufacturer, as

> the level of damages which a plaintiff will receive is the same whether the claim is brought in [employer liability], public liability[,] or product liability. The principle of compensatory damages [in the U.K.] mandates that a claimant will be no better or worse off depending upon which cause of action his claim is based. Simply put[,] once a plaintiff in the [U.K.] has been compensated by an employer, the plaintiff cannot successfully make an additional claim against a manufacturer[,] because the claimant would be seeking damages for the same harm[,] and is not entitled to double compensation.

Honeywell's expert went on to explain the additional costs and financial risks that claimants such as plaintiffs would incur while suing a product manufacturer such as Honeywell, as opposed to their employers. The additional cost and risk, combined with the availability of essentially the same remedy against employers, explain why it is more common and practical for U.K. claimants to sue their employers as opposed to the product manufacturer; however, this reality does not make the U.K. an inadequate alternative forum. As we previously held:

> [W]e have difficulty accepting the position of a group of residents of the U.K. that perceived inadequacies in the tort and damages laws and the rules for funding and

10

cost allocation of their countries of residence entitle them to seek justice in New Jersey where the law and fee arrangements are more favorable. By this argument, plaintiffs essentially contend that the U.K. provides an inadequate forum for the resolution of the disputes of the English and Welsh living within its borders. We do not regard the claimed inadequacies of one country's system of funding suits and allocating costs as a ticket to relief elsewhere, but rather, as a subject for legislative or court reform, should such be warranted.

[In re Vioxx Litig., 395 N.J. Super. at 373-74.]

We are further satisfied there was no clear showing of an abuse of discretion regarding either judge's evaluation of the private and public interest factors. The case is "localized" in the U.K., not New Jersey, as all of the alleged claims arose from employment in the U.K., where most witnesses in the cases reside. We also acknowledge Judge Viscomi's summary of the extent of asbestos litigation currently pending in Middlesex County, and the potential floodgates that could open if we begin importing cases from European countries with adequate forums, and the effect that would have on our courts and the claims of our residents. Since the public factors are sufficient to sustain a forum non conveniens application, we need not consider the private factors. See id. at 379-80.

11

A-4989-16T1

Lastly, we agree with Judge Cantor's view that this matter should return to New Jersey if the U.K. should decline to accept jurisdiction over plaintiffs' claims.  Such a conditional order of dismissal without prejudice was correctly entered in the Rebbeck, Harvey, and Williams cases.  We conclude the order dismissing the Gardner case should contain the same conditional language as the orders entered in the other cases.[3]

Affirmed but remanded for the entry of an amended order of dismissal in the Gardner case.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  At oral argument, Honeywell's counsel consented to this amendment to the order dismissing the Gardner case.