**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1309-22

H AND H MANUFACTURING
COMPANY, INC. a/k/a H&H,

     Plaintiff/Appellant,

v.

MARK TOMEI, Individually
and as Guardian for VINCENT
TOMEI[1], and ESTATE OF
VINCENT TOMEI[2],

     Defendants/Respondents.

_____

     Submitted December 19, 2023 – Decided April 17, 2024

     Before Judges Gooden Brown and Natali.

     On appeal from the Superior Court of New Jersey, Law
     Division, Camden County, Docket No. L-4972-19.

---

[1] We note Vincent Tomei passed away on April 28, 2023 and as a result, Mark Tomei is no longer his Guardian.

[2] The Estate of Vincent Tomei was substituted for Vincent Tomei in June 2023.

Obermayer Rebmann Maxwell & Hippel LLP, attorneys for appellant (Matthew A. Green and Lars J. Lederer, on the briefs).

Ciardi Ciardi & Astin, attorneys for respondent Mark Tomei (Albert Anthony Ciardi, III and Nicole Marie Nigrelli, on the brief).

Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for respondent Estate of Vincent Tomei, join in the brief of respondent Mark Tomei.

PER CURIAM

Plaintiff H and H Manufacturing Company (H&H) appeals two Law Division orders resulting in the dismissal of its claims against defendants Mark Tomei (Mark) and the Estate of Vincent Tomei (Vincent).[3] It first challenges an October 12, 2022 order that granted in part defendants' motion for summary judgment and dismissed with prejudice all but one count of the complaint.[4]

---

[3] We use first names to distinguish the members of the Tomei family, intending no disrespect.

[4] In a December 21, 2022 consent order, the court granted the declaratory relief requested in count four, resolving all outstanding issues. Although H&H identified the December 21, 2022 order in its Notice of Appeal, it failed to advance any argument related to that order in its merits brief, and we accordingly consider any such argument waived. See Green Knight Capital, LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (holding "[a]n issue not briefed on appeal is deemed waived" (quoting Woodlands Cmty. Ass'n. v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017))).

Second, it contests the court's December 2, 2022 order denying its motion for reconsideration.

As detailed below, we do not write on a blank slate. Indeed, this case, which at its core, involves a long-running dispute over a family-owned business, returns to us after we have decided two appeals involving the parties. In our first opinion, we reversed the disqualification of defendant Vincent Tomei's former counsel, H and H Manufacturing Co. v. Tomei (H&H I), No. A-4209-19 (App. Div. Dec. 29, 2021), and in the second, we affirmed the dismissal of a closely related matter, H and H Manufacturing Co. v. Bucco (H&H II), No. A-2913-21 (App. Div. Nov. 13, 2023), on forum non conveniens grounds.

For the reasons that follow, we vacate the court's orders and remand for further proceedings consistent with this opinion. Specifically, we direct the court, on remand, to consider whether New Jersey is an appropriate forum for this action under the doctrine of forum non conveniens, after the parties have had an opportunity to address properly the issue.

I.

We refer to the recitation of facts underlying the parties' dispute set forth in H&H I, slip op. at 3-6, as follows:

> H&H is a corporation that manufactures parts for industrial turbines and has its principal place of

3

business in Delaware County, Pennsylvania. Vincent [wa]s a retired certified public accountant who handled H&H's books and records and other financial corporate documents and served on its board of directors.

Thomas Tomei, Vincent's . . . son, served on [H&H's] board of directors but also held the office of president and general manager, overseeing all aspects of H&H's day-to-day operations. Since 1984, H&H has been wholly owned by the Tomei family and affiliated trusts whose beneficiaries are Tomei family members.

Over the course of their business relationship, Thomas' and Vincent's positions became adverse. On April 8, 2013, H&H held a special meeting of the stockholders. . . . [T]he minutes . . . indicated, in part, that both Vincent and Thomas would serve on the board of directors for a one-year term . . . .

In May 2013, [Vincent and Thomas had a dispute over H&H's finances.] . . . [W]ithout approval of the board of directors or other shareholders, Vincent sent Thomas a fax purporting to terminate him from his employment with H&H. On June 3, 2013, Vincent held an alleged meeting of the shareholders where he attempted to alter the board of directors, replacing Thomas with Mark[, Vincent's other son]. Thomas was not provided proper notice of the meeting.

On June 17, 2013, Vincent filed suit in the Pennsylvania Court of Common Pleas, Delaware County . . . in his own name and, ostensibly, on behalf of H&H, asserting claims of breach of contract, breach of fiduciary duty, and conversion, and also requesting equitable relief [the Delaware County action]. Specifically, Vincent claimed to be owner of all H&H voting stock . . . [while] Thomas was a minority shareholder who owned only non-voting shares and

4

who had been terminated from H&H and removed from its board of directors. He also alleged that Thomas converted H&H funds for personal use, wrongfully took possession of and retained H&H books and records, refused to sell his shares to H&H upon his termination as required by contract, and failed to pay Vincent his salary as required by his employment agreement. . . . Thomas filed an answer with counterclaims [alleging Vincent converted corporate assets and Thomas' personal funds, breached his duty owed to Thomas as a shareholder, violated the employment agreement between Thomas and H&H, and improperly destroyed corporate records].

On December 8, 2017, following a bench trial, the court found in favor of Thomas on all counts in the complaint. The court determined Vincent forged and fabricated H&H's corporate documents, including shareholder certificates and meeting minutes to establish his ownership in H&H. It further found that all outstanding H&H shares were owned by the Thomas Tomei Trust, of which Thomas was the sole beneficiary, and the estate of Marie Tomei, Vincent's late wife. It also determined that Thomas' alleged termination and removal from the board of directors were void, and that Thomas was "authorized to make all decisions concerning the operations and management of H&H." . . .

[T]he court also dismissed all claims Vincent asserted on H&H's behalf, concluding it was "not a proper party to [the] litigation" as Vincent "lack[ed] standing to sue on behalf of H&H" because "H&H's board of directors never approved the filing of [the] lawsuit or ratified its filing" and Vincent failed to file a proper derivative suit.

A-1309-22

[The court found in favor of Thomas on his counterclaims for conversion and breach of contract, but in favor of Vincent on the counterclaims for breach of fiduciary duty and shareholder oppression.]

The Pennsylvania appellate court affirmed, and the Pennsylvania Supreme Court denied further review. . . .

On December 11, 2019, H&H filed the instant action against Vincent and Mark, individually, and as guardian ad litem for Vincent, in the Law Division [the first Law Division action]. H&H's claims in this matter are based, in part, on damages it alleges it sustained as a result of the improper Delaware County Action. . . . H&H maintains Vincent and Mark lacked authority to initiate and continue the Delaware County Action, and that because of that lawsuit, a receiver had to be appointed, costing the corporation in excess of one million dollars in damages.

[Id. at 3-6.]

Specifically, H&H's complaint alleged Vincent and Mark: (1) breached their fiduciary duties; (2) relied upon fraudulent and/or forged documents in the Delaware County action; (3) converted H&H's property including season tickets, money, machinery parts, and corporate records; (4) retained corporate records without authorization; (5) conspired to harm H&H, including by "[n]eedlessly increas[ing] the cost of the receivership"; (6) improperly initiated and continued the Delaware County action, constituting corporate waste; (7) unjustly enriched themselves with H&H's property as detailed in count three; and (8) tortiously

6

interfered with Thomas' employment contract with H&H. H&H sought damages, attorney's fees, and a declaratory judgment enjoining Mark and Vincent from "any future contact with H&H, its employees in the course and scope of their work for H&H, H&H's business affairs and from holding themselves out to be affiliated with H&H in any way."

H&H moved to disqualify Vincent's counsel, who had represented him and purported to represent H&H in the Delaware County action, which the Law Division granted. We granted leave to appeal and stayed the litigation pending our disposition.

Following a later-withdrawn motion to amend the complaint to add (1) Thomas and his wife Jannette as plaintiffs, (2) attorneys involved in the Delaware County action as defendants, and (3) additional claims for abuse of process and wrongful use of civil proceedings under Pennsylvania's Dragonetti Act,[5] H&H filed a new Law Division complaint including those parties and claims (the second Law Division action). Specifically, as relevant here, the complaint brought claims against Mark identical to those in the first Law Division action, along with additional claims against both Vincent and Mark for abuse of process and wrongful use of civil proceedings, relying upon many of

[5] 42 Pa. Cons. Stat. § 8351-8354.

the same factual allegations made in the first complaint. In <u>H&H II</u>, we noted H&H conceded its claims in the second Law Division action "'stem from the same underlying facts and circumstances' as those in the first Law Division action," but the second action was brought to "'preserve and assert claims which were previously intended for inclusion in the first action by way of its motion to amend.'" <u>H&H II</u>, slip op. at 9.

All defendants moved to dismiss the second Law Division action, arguing primarily that it was barred by Pennsylvania's statute of limitations and venue in New Jersey was inappropriate under the doctrine of forum non conveniens. In response, H&H moved to consolidate the first and second Law Division actions. The court stayed those motions pending our disposition of the disqualification appeal in the first Law Division action. On December 29, 2021, we reversed the disqualification and remanded for further proceedings. <u>H&H I</u>, slip op. at 20.

The court subsequently granted defendants' motions and dismissed the second Law Division action. It applied the governmental interest approach to resolving conflicts of law and found Pennsylvania law should apply as that state had a superior interest in the action. While recognizing some of the litigants were New Jersey residents during the Delaware County litigation, the court

A-1309-22

concluded "every important thing occurred in Pennsylvania, not the least of which . . . was a Delaware County lawsuit." Under Pennsylvania's two-year statute of limitations, see 42 Pa. Cons. Stat. § 5524, it found all but one claim time-barred.

Turning to forum non conveniens, the court rejected plaintiffs' contention there was no adequate alternative forum, because they could bring their claims in Pennsylvania. It then applied the public and private interest factors articulated in D'Agostino v. Johnson & Johnson, Inc., 225 N.J. Super. 250, 263 (App. Div. 1988) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)), and concluded it would be demonstrably inappropriate for a New Jersey court to adjudicate claims stemming from "the misuse of the Pennsylvania court system." On this point, the court found the public interest factors weighed heavily in favor of dismissing the complaint. Significantly, it noted the case was "not a localized controversy," there was no "local interest in the subject matter" such that community members would wish to view the trial, and "New Jersey citizens have no particular interest in adjudicating whether or not the Pennsylvania court system was appropriately used."

Accordingly, the court dismissed the second Law Division action, finding (1) all but one count was barred by Pennsylvania's two-year statute of limitations

and (2) New Jersey was nevertheless an inappropriate forum under the doctrine of forum non conveniens. Based on this disposition, the court denied the consolidation motion as moot.

Plaintiffs appealed the dismissal and additionally filed an identical complaint in the Pennsylvania Court of Common Pleas, Philadelphia County. H&H II, slip op. at 14. On November 13, 2023, we affirmed the court's forum non conveniens determination but vacated the choice of law and statute of limitations portions of the order, finding it more appropriate for the Pennsylvania court to address those issues in the refiled action.[6] Id. at 4.

We agreed with the court the public interest factors "weigh[ed] heavily in favor of dismissal" primarily because "the 'type of factual nexus that would [ordinarily] induce a court to retain jurisdiction . . . manifested by a significant relationship between the issues in the case and the jurisdiction,' Varo v. Owens-Illinois, Inc., 400 N.J. Super. 508, 527 (App. Div. 2008) (quoting D'Agostino v. Johnson & Johnson, Inc., 115 N.J. 491, 495 (1989)), [wa]s simply not demonstrated by the record." H&H II, slip op. at 23 (second and third alterations in original, citations reformatted). In light of this conclusion, we found "the

---

[6] We also noted Pennsylvania's statute of limitations for unjust enrichment claims is four years, not two years. H&H II, slip op. at 30 n. 6; see also 42 Pa. Cons. Stat. § 5525(a)(4).

proper course is for a Pennsylvania court, applying its own choice-of-law rules, to resolve the issue" as "[a] forum non conveniens dismissal . . . is a determination that the merits should be adjudicated elsewhere." Id. at 31 (alterations in original) (quoting Sinochem Int'l Co. v. Malay. Int'l. Shipping Corp., 549 U.S. 422, 432 (2007)).

Mark, joined by Vincent, then moved for summary judgment in the first Law Division action. Defendants argued each of H&H's claims were previously decided or could have been raised in the Delaware County action and were therefore barred by the doctrine of res judicata. Even assuming res judicata did not apply, they contended H&H's claims were time-barred under Pennsylvania's two-year statute of limitations as it alleged no conduct occurring after December 11, 2017. For reasons not revealed in the record before us, neither Mark nor Vincent sought dismissal on forum non conveniens grounds despite raising and prevailing on that argument in the second Law Division action three months earlier.

In its opposition, H&H argued its claims were timely under both New Jersey's six-year statute of limitations, see N.J.S.A. 2A:14-1, and Pennsylvania's two-year statute of limitations because defendants' fraud tolled the statute of limitations for the time it was under Vincent's and the receiver's control and

11

H&H could not have discovered the fraud until Thomas regained control upon resolution of the Delaware County action. Additionally, it contended res judicata did not apply because the Delaware County action involved different parties and claims, and some of its claims here could not have been brought in that action.

After considering the parties' written submissions and oral arguments, the court granted in part, and denied in part, defendants' summary judgment motion and issued an oral ruling explaining its decision. As best we can discern, the court relied on both res judicata and statute of limitations in its decision, in which it found "to a very large extent, [this case] was 'totally and fairly litigated' in Delaware County" and "there's no way anybody could stay [sic] with a straight face that the overwhelming majority of what's being discussed now wasn't known, discussed, [and] part of the Delaware County litigation." The court also referred to its prior choice of law and statute of limitations determinations in the second Law Division action, noting each of the parties was involved in that case, and it would not "relitigate the issue of the statute of limitations" or reach a different result here "unless there's some reason to do the analysis all over again and come to a different conclusion."

A-1309-22

Accordingly, the court granted summary judgment and dismissed count one, breach of fiduciary duty, finding it involved the receivership of H&H which was "in effect for several years" and "either . . . was or easily could have been litigated" in the Delaware County action. The court also dismissed count two, fraudulent misrepresentation, agreeing with defendants that H&H had not presented "any evidence that would show something that occurred" within the two-year statute of limitations period.

The court found count three, conversion, was also previously litigated in the Delaware County action except to the extent "there's an allegation that any of the defendants have wrongfully kept corporate records that postdate 2017 . . . unless in 2017 the Delaware County judge determined that there was no conversion of those particular records." It concluded the claim's underlying facts "go back at least [to] . . . and predate the Delaware County judge's determination." The court also rejected H&H's contentions that Thomas could not have previously brought the claim on its behalf because he did not have control of the company, noting a cause of action for conversion accrues "once a person reasonably should be aware that their property has been converted by somebody else." Accordingly, the court dismissed count three.

13

Next, as to count four, the parties did not dispute that Vincent did not currently own H&H stock. Finding "res judicata does apply to this whole relitigation of Vincent fraudulent[ly]/wrongfully maintaining H&H's corporate records," the court granted summary judgment and dismissed count four "except to the extent that the [claim] seeks an order declaring that Vincent is not presently an [owner] . . . of H&H."

The court also dismissed count five, civil conspiracy, noting it required two people conspire "to do something wrong," but if that "something wrong [is] barred by either the statute of limitations or it's barred by res judicata . . . then the [claim for] conspiracy to do it is going to fail also." It again rejected H&H's argument that Thomas was unable to bring any of the claims sooner because of "the overwhelming fraud and concealment of Vincent's actions," concluding the assertion that any of the Tomei family members involved in the litigation "didn't know, didn't allege, [or] w[ere]n't aware of this alleged fraudulent conduct, fraudulent misconduct years and years before the 2019 filing . . . is just belied . . . by the 175-count paragraph opinion by the Delaware County judge [which] goes on and on about the various allegations of wrongful conduct."

The court then dismissed counts six and seven, corporate waste and unjust enrichment, noting "all of this stuff goes back years and years and years and was

14

the subject of a lengthy trial in Delaware County." The court found it "virtually inconceivable" that H&H could not have brought its claims before December 2017 "given everything that was gone over in the Delaware County litigation." It also noted count six was "another way of dressing up the allegation of fraudulent and wrongful conduct alleged against Vincent."

Finally, as to count eight, tortious interference with Thomas' employment contract with H&H, the court agreed with defendants the issue was litigated in the Delaware County action, in which H&H was a plaintiff, even though the claim in that case was brought by Thomas in his individual capacity. It therefore dismissed count eight.

The court issued a written order granting in part and denying in part defendants' motion for summary judgment on October 12, 2022. It denied summary judgment as to count four only to the extent it sought a declaratory judgment that Vincent was not currently an owner of H&H stock which, as noted supra, was later resolved in a December 21, 2022 consent order. The court granted summary judgment to defendants on the remaining counts and all other aspects of count four, dismissing those claims with prejudice for the reasons stated on the record.

15

H&H moved for reconsideration which the court denied in a December 2, 2022 oral ruling and accompanying written order. This appeal followed, in which the parties largely reprise the arguments made before the court.

II.

Because we decided H&H II after briefing was completed, in December 2023, we asked the parties to provide their positions "as to whether this appeal should abide" by our November 13, 2023 opinion in H&H II. H&H asserted, relying upon several unpublished decisions, that a sua sponte dismissal on forum non conveniens grounds would be improper. Additionally, it argued, unlike in H&H II, its complaint here "did not involve claims alleging misuse of the Pennsylvania court system" and further, there was no adequate alternative forum for its claims. Mark and Vincent did not directly address our inquiry regarding forum non conveniens, arguing instead the merits of their position with respect to choice of law and statute of limitations.

In light of our decision in H&H II, where we concluded New Jersey was an inappropriate forum with respect to a strikingly similar case involving the same parties, largely the same facts, and similar claims, and that it was more appropriate for the Pennsylvania court to decide the choice of law and statute of limitations issues raised in that appeal, we disagree with the parties that we

16

should, or are obligated to, resolve the appeal by addressing the merits of the court's choice of law, statute of limitations, or res judicata decisions. Instead, we are convinced the most appropriate course is to vacate the court's orders and direct the court to address the forum non conveniens issue in the first instance and make all necessary factual findings and legal conclusions.

We review an order granting summary judgment de novo, C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305 (2023), applying the same standard as the trial court, Townsend v. Pierre, 221 N.J. 36, 59 (2015). On the other hand, we review an order denying reconsideration for abuse of discretion. Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240, 245 (App. Div. 2023).

We next address the applicable substantive legal principles supporting our decision with respect to the doctrine of forum non conveniens, which "empowers a court to decline to exercise jurisdiction when a trial in another available jurisdiction 'will best serve the convenience of the parties and the ends of justice.'" Yousef v. Gen. Dynamics Corp., 205 N.J. 543, 557 (2011) (quoting Gore v. U.S. Steel Corp., 15 N.J. 301, 305 (1954)). While a court with jurisdiction ordinarily honors the plaintiff's choice of forum, it may use its equitable power to decline jurisdiction if the defendant "can demonstrate that

the plaintiff's choice of forum is 'demonstrably inappropriate.'" Id. at 548 (quoting Kurzke v. Nissan Motor Corp. in U.S.A., 164 N.J. 159, 171-72 (2000)).

"First, . . . the plaintiff's choice of forum is entitled to preferential consideration by the court." Id. at 557. A plaintiff who is a resident of the chosen forum is entitled to a "strong presumption in favor of retaining jurisdiction," but a nonresident is given "substantially less deference." Kurzke, 164 N.J. at 171 (quoting D'Agostino, 225 N.J. Super. at 262). Regardless, "a plaintiff's choice of forum is not dispositive . . . because ultimately it is for the court to decide whether the ends of justice will be furthered by trying a case in one forum or another." Yousef, 205 N.J. at 557 (internal citations omitted).

Second, there must be an adequate alternative forum where the defendants are amenable to service of process and the subject matter of the dispute may be litigated. Varo, 400 N.J. Super. at 520. "An alternative forum will be deemed inadequate if 'the remedy offered by the other forum is clearly unsatisfactory.'" Yousef, 205 N.J. at 557 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981)).

Finally, the court must weigh the public and private interest factors set forth in Gulf Oil, 330 U.S. at 508-09. Kurzke, 164 N.J. at 165-66. The analysis is "qualitative, not quantitative," Varo, 400 N.J. Super. at 524, and the weight

ascribed each factor "may vary depending on the circumstances of each case," Yousef, 205 N.J. at 558. The public interest factors include:

> (1) the administrative difficulties which follow from having litigation "pile up in congested centers" rather than being handled at its origin, (2) the imposition of jury duty on members of a community having no relation to the litigation, (3) the local interest in the subject matter such that affected members of the community may wish to view the trial[,] and (4) the local interest "in having localized controversies decided at home."
>
> [Aguerre v. Schering-Plough Corp., 393 N.J. Super. 459, 474 (App. Div. 2007) (quoting D'Agostino, 225 N.J. Super. at 263).]

The private interest factors are:

> (1) the relative ease of access to sources of proof, (2) the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses, (3) whether a view of the premises is appropriate to the action[,] and (4) all other practical problems that make trial of the case "easy, expeditious and inexpensive," including the enforceability of the ultimate judgment.
>
> [Ibid. (quoting D'Agostino, 225 N.J. Super. at 263).]

We acknowledge that neither Mark nor Vincent raised forum non conveniens in this action, despite our December 2023 entreaty or their having done so in the second Law Division action. It is clear, however, a court may address the forum non conveniens issue despite a party's failure to raise it,

19

assuming proper notice and an opportunity to be heard is provided. See List v. List, 224 N.J. Super. 432, 435-36 (Ch. Div. 1988) (raising forum non conveniens sua sponte); see also Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc., 399 F. Supp. 3d. 241, 257 (D.N.J. 2019) (ordering plaintiff to show cause why the action "should not be dismissed on forum non conveniens grounds" on its own motion); Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (finding trial court's sua sponte forum non conveniens dismissal after motion made by same defendants in a related case was improper only because plaintiff did not have notice of the court's intent to dismiss or an opportunity to respond); Wong v. PartyGaming, Ltd., 589 F.3d 821, 830 (6th Cir. 2009) (holding "a district court does not abuse its discretion simply by sua sponte raising forum non conveniens" which "falls within the court's inherent authority").[7]

Here, it appears the first and second Law Division actions involve the same three parties, various identical factual allegations, and many of the same claims and legal theories. Contrary to H&H's assertions that this case does not involve the Pennsylvania court system or the Delaware County action, our

---

[7] We note the unpublished decisions H&H relied upon for a contrary proposition are neither binding, see R. 1:36-3, nor persuasive, as two of the three involved a situation where the parties had no opportunity to present their positions before dismissal and the last questioned primarily the court's forum decision on the merits.

review of the complaint reveals many of the claims implicate the parties' conduct during that case and/or damages related to litigation and receivership expenses.

For example, H&H described its damages in counts one, two, six, and eight to include "[i]ncreased costs of litigation" and "[i]ncreased receivership fees, costs and expenses." H&H also averred defendants committed or suborned perjury and interfered with the receiver and receivership (count one), relied on forged/falsified documents in the Delaware County action (count two), conspired to "rely upon forged documents in a civil case" and needlessly increase receivership costs (count five), and initiated and continued litigation serving "no legitimate purpose" (count six). In sum, H&H's claims in this matter are closely related to those at issue in H&H II, which we found were not suited to adjudication in New Jersey.

Despite these observations, it is unclear whether other facts exist that may influence the forum non conveniens analysis and, as such, we believe the court should address the forum non conveniens issue in the first instance and provide the parties with the opportunity to be heard on the matter. For similar reasons, we also believe under the circumstances it would be inappropriate to exercise our original jurisdiction under Rule 2:10-5 to make a forum non conveniens determination on the record before us. See Henebema v. Raddi, 452 N.J. Super.

21

438, 452 (App. Div. 2017) (noting "[w]e must exercise our original fact-finding authority sparingly and only in clear cases that are free of doubt"); Kane Props., LLC v. City of Hoboken, 214 N.J. 199, 231 n. 2 (2013) (finding exercise of original jurisdiction inappropriate where party was entitled to make argument on issue).

In sum, to ensure consistency between the first and second Law Division actions, we vacate the court's orders granting summary judgment and denying reconsideration and remand with directions for the court to consider whether New Jersey is an appropriate forum for this dispute in light of our decision in H&H II. Nothing in our decision should be construed as reflecting our opinion on the outcome of the remanded proceedings.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

22

A-1309-22